### T. T. EWELL ET AL. *v.* J. W. ANDERSON.

1. AFFIDAVIT OF INABILITY TO GIVE APPEAL BOND.—An affidavit by appellants, that they were "too poor to give the appeal bond required by the statute, conditioned for the prosecution of the appeal with effect, and performing the judgment, sentence, or decree of the Supreme Court in case the decision of said court should be against the appellants, or to give security for the costs and damages of the appeal, as was required by the statute on motion to dismiss:" *Held,* Not a compliance with the statute (Paschal's Dig. art. 6180) allowing appeals, upon affidavit by appellant that he is "unable to give bond and security for costs, as may be required by law."

2. WRONGFUL DISMISSAL BY ORIGINAL PLAINTIFF AFTER RECON-

VENTION MAY BE REVISED ON APPEAL.—A defendant who filed a plea in reconvention, setting up facts on which affirmative relief was asked, and against whom plaintiff was permitted to dismiss his suit, and whose plea in reconvention was disregarded in the District Court, has the right, on final judgment therein being rendered in favor of the plaintiff, to have the action of the court revised on appeal.

3. PARTIES.—In an action to foreclose a lien against parties in possession who reconvene, and one setting up a mortgage upon the land and claiming to have taken it without notice of plaintiff's lien, such mortgagee is a necessary party, and it is error to dismiss as to him, and also error to disregard his plea asking affirmative relief.

ERROR from Hood. Tried below before the Hon. J. N. Roach, special judge.

The facts are sufficiently given in the opinion.

*Duke & Ewell,* for plaintiff in error.—There seems no doubt that Ewell, trustee, was competent, if not an essential party; and we hold it to be sound law, that where it is known that there is a subsequent incumbrancer, claiming a superior equitable right, by reason of diligence, innocence and want of notice, to be preferred to the prior mortgagee, that such subsequent incumbrancer is an essential party to a bill of foreclosure brought by the first mortgagee; and if not made a party he could intervene, and it would be his duty to do so, (12 Tex., 3,) in order to assert and protect his rights fully, which he might do by showing that "there was some legal objection to the first mortgagee's rights to foreclose or to sell the property," or he could set up in his defenses all the legal or equitable defenses that the mortgagor himself could have offered. (Hall *v.* Hall, 11 Tex., 545; Henderson *v.* Morrill, 12 Tex., 3; Eccles *v.* Hill, 13 Tex., 66–68.)

The statement of facts, as proven at the trial, between Anderson and Allen, (and in which Ewell was excluded from participation by the aforesaid decree of the court,) discloses that the mortgage set up by Anderson was never acknowledged or proven up and recorded prior to the institution of

this suit, nor in fact has it ever been recorded and the execution proven so as to admit it as a valid mortgage, as against the deed of trust to Ewell, duly acknowledged and recorded. The mortgage of Anderson bears upon its face the appearance of being a secret and fraudulent instrument, and when viewed in connection with the fact that Allen, the mortgagor, was permitted to remain in undisturbed possession, with the power and facilities of imposing upon others and obtaining new credits, Anderson should not be permitted to set it up to defeat Ewell's deed of trust, innocently acquired. "Equity will not deprive an innocent purchaser of any legal advantage he may have obtained in the business and negotiations of life. Such advantage is nothing more than the just prize and reward of diligence." (Herrington *v.* Williams, 31 Tex., 448; Paschal's Dig. arts. 4985–4988, 4994.)

*B. F. Williams* and *J. C. Stone,* for defendant in error.— Were we to admit that Ewell had in the District Court such pleading as presented a good and substantial plea in reconvention, or, in other words, presented subject-matter sufficient to sustain such plea in the cause as made out by the plaintiff in the court below, and the same had been by the court stricken out or deemed insufficient, the question then arises,—From what judgment should the plaintiff in error prosecute his writ; and what judgment would it have been the province of that writ to have sought a reversal? Certainly not the judgment foreclosing the mortgage between Anderson and Allen; and why? Because Ewell is no party to the judgment, and has in it involved no rights or interests that can be affected by its rendition or execution; hence has no right to ask its disturbance. (2 Tex., 424; 10 Tex., 52; 27 Tex., 385.) And be he either prior or subsequent incumbrancer, his interest can in no manner be disturbed by a judgment to which he was not a party. (Story's Eq., 193; 11 Tex., 526; 30 Tex., 7; 25 Tex., 95.) But by what judgment, if any, are his rights affected? By none other than by the order of the

court overruling and dismissing his plea in reconvention, which was as to him and his identity with this cause a full and complete adjudication and final determination of all the rights by him set up and claimed in and about the matter; a reversal thereof—*i. e.*, of the order of dismissal—is all that he could claim, or with which he has any concern; and we know of no principle, either at law or equity, by which he is entitled to invoke the aid of this court in an interference with the determination of matters between appellants and appellee, that affect their own rights only.

Passing to the second point made by plaintiff in error, in the petition for his writ, which is apparently based upon Paschal's Digest, art. 1495, we fail to find any authority upon which this cause can stand in the Supreme Court, or any right that he had to bring it here. He says, however, that he has a prior and superior lien and equity to that of Anderson upon the property in dispute. He is no party to the judgment, and can show no privity of estate, title, or interest therein, nor any manner in which his rights or interests can be in the least way disturbed by its execution; simply that he has a prior lien upon the house and lot. Then we say, if that is all he is no party to this suit, and cannot be bound by any judgment or decree that may be rendered therein. (Story's Eq. Pl., 193; 11 Tex., 526; 25 Tex., 94; 30 Tex., 7.) Had he such rights as are by him alleged, and wished to protect them, or desired their adjudication in the matter, it was certainly his privilege to have presented them by plea of intervention in the District Court.

From the bill of exceptions, the court will see, that upon the ruling and construction of the court below upon the title papers of plaintiff in that court, and at the instance of plaintiff in error, by his exceptions in that court, as well as upon the prayer of Anderson, it was ordered that the trespass allegations of said cause be dismissed, and that plaintiff be allowed to foreclose his mortgage against J. T. Allen, not having made Ewell a party to that branch of the pro-

ceeding. It will further appear, that the very ruling asked for by Ewell was granted him; i. e., that plaintiff be compelled to proceed either upon his trespass allegation or upon his mortgage; and when the court had determined, at the instance of Ewell, as well as upon the prayer of Anderson, to dismiss plaintiff's action in trespass, his order in so doing put Ewell as much out of court as it did Anderson, as to his said action of trespass to try title. It might have been otherwise had there been no cause shown, or prayer upon the mortgage, or, in other words, had the dismissal thereof been the end of the matter, and had Ewell resisted its dismissal and urged a substantial plea in reconvention. But, certainly, it cannot be insisted that Ewell will be allowed not only to consent to, but to urge and press the dismissal of plaintiff's cause of action, and then insist upon his plea in reconvention, filed thereto; especially when, as in this case, the plea was without merit, and was only presented in furtherance of the design that the progress of this cause has so often shown; that is, to delay, obstruct, entangle, and defeat the ends of justice. The dismissal of the one is the dismissal of the other; and his consent that plaintiff's trespass cause might be dismissed, and his warmly-advocated motion that it should be done, was not only a virtual, but a total and unqualified abandonment and surrender of all pleas thereto filed.

GOULD, ASSOCIATE JUSTICE.—Amongst the papers of this cause, we find a motion to dismiss, marked "filed March 26, 1875," but which was never entered on the motion docket, or called to the attention of the court, and consequently has remained undisposed of. The case appears to have been brought here on the part of Allen and wife, by giving notice of appeal and making affidavit that they were "too poor to give the appeal bond required by the statute, conditioned for the prosecution of the appeal with effect, and performing the judgment, sentence, or decree of the Supreme Court in case the decision of said court should be against appellant, or to

give security for the costs and damages of the appeal, as was required by the statute." This affidavit is not in compliance. with the statute; (Green *v.* Martin, 43 Tex., 653;) and the appeal never having been perfected, the motion to dismiss must prevail, if it were not that the record also shows that a writ of error was prosecuted by another party to the suit. In order to a proper understanding of the question as to the right of that party to prosecute a writ of error, it will be necessary to give a history of the case.

J. W. Anderson brought, in June, 1872, this suit against J. T. Allen and T. T. Ewell, claiming to be the owner of a. certain lot and improvements in the town of Granbury, seeking to recover possession and to remove the cloud on his title growing out of a deed of trust to said lot made by Allen to Ewell. The case stated in the petition was: That Allen, in 1871, bought the lot at a sale of lots in Granbury had by the county authorities under the statute, gave his two notes to the county, each for $77.50, in payment, and received a certificate of purchase showing that he was to receive title on payment of said notes; that on February 15, 1872, Allen sold said lot and improvements to plaintiff Anderson, and transferred to him the certificate of purchase, and that on the same day Anderson paid the notes and received the title from the county; that afterwards, on September 25, 1872, Allen, colluding with Ewell, made him a deed of trust on the property sold previously to Anderson. A writ of sequestration was sued out and levied, and the property was replevied by Allen and Ewell. Subsequently, the plaintiff amended, setting up yet another instrument, executed and delivered to him by Allen, also on February 15, 1872, asking the court, in the event it should hold that this last instrument operated to make the transaction between him and Allen a mortgage, to decree its foreclosure.

In the meantime, both Allen and Ewell had filed voluminous pleas to the action as originally brought, including claims for damages for wrongful suing out the sequestration

Ewell had also set up his deed of trust, and asked the court to adjudicate in his favor that the claim of Anderson was fraudulent; and, further, that his deed of trust was entitled to precedence, having, it was claimed, been taken without notice of Anderson's rights.

It should be remarked, that the first writ of sequestration appears to have been set aside or abandoned, and another one sued out, and the property again replevied; that after it was a second time replevied Anderson appears to have taken possession under some other legal proceeding, in the nature of forcible entry, but was compelled by order of court to return the property replevied.

In the pleadings of Ewell he alleged these various proceedings in reconvention, claiming damages. He also excepted to the original and amended petitions on various grounds, claiming that the two proceedings—to foreclose a mortgage and to recover as in trespass to try title—could not be joined in one suit; praying that plaintiff's suit be dismissed, or that plaintiff be required to proceed on only one of his two causes of action.

The record recites, that on hearing defendant's exceptions the court adjudged that the plaintiff held only a mortgage, and that "thereupon plaintiff dismissed as to defendant Ewell." By bill of exceptions, it appears that "the exceptions of defendant Ewell to plaintiff's action were sustained, and plaintiff's suit was dismissed as to said Ewell. Whereupon said defendant asked leave to proceed with the trial of the cause as made out by his plea in reconvention, praying that his deed of trust set up be confirmed, and for damages against plaintiff in this behalf; to which plaintiff objected, and the objection was sustained by the court; to which defendant Ewell excepted."

Ewell having thus been disposed of, the cause proceeded to trial between Anderson and Allen at the same term, resulting in a judgment in favor of Anderson enforcing his mortgage lien. A new trial, however, was granted, and the

wife of Allen intervened, claiming that the lot was her homestead; but the result of the second trial was to negative that claim, and, as on the first trial, to give Anderson judgment foreclosing his mortgage. From this judgment Ewell, proceeding in his own name alone, without joining Allen, sued out a writ of error, giving a *supersedeas* bond, and he it is who files the transcript, and, although errors are assigned by appellants as well as by him, it is he only who appears here by brief. Nothwithstanding the fact that the final judgment does not name him, and purports to be between Anderson and Allen and wife only, it is our opinion that the judgment dismissing the suit as to Ewell, and refusing to allow him to prosecute his plea in reconvention, was, if erroneous, such an error as he was entitled to have revised, and that for that purpose he must be regarded as a party to the final judgment.

Ewell gave a *supersedeas* bond, and in all things complied with the essential requirements to entitle him to a writ of error, and our opinion is, that the motion to dismiss should be overruled.

It is, further, our opinion that the court erred in refusing to allow Ewell to prosecute his claim for affirmative relief and for damages.

Treating Anderson's suit as maintainable only as a suit to foreclose a mortgage, it was still proper that Ewell, who claimed to have a superior lien on the same property, should be allowed to have that question adjudicated. If it be true, as alleged, that he was in possession, then he was a necessary party; otherwise his possession could not be disturbed by the purchaser at the foreclosure sale. Looking at the exceptions of Ewell, we find nothing in them to justify the conclusion that he at any time asked or assented to such a disposition of the case as was made by the court. Ewell was a proper party, and by the action of the court he was precluded from having in this cause that adjudication of his rights to which he was entitled. That this action of the court was erroneous, is plain. Whether it is such an error as to infect all the sub-

sequent proceedings and the final judgment, and to give to Ewell the right to have the cause placed back where it was when the error was committed, is the question. Our opinion is, that it is such error, and that Anderson, who is responsible for the error, cannot complain because of its results. Had the final judgment been in favor of Allen, it would seem harsh to set it aside for an error not properly chargeable to him. But of course Allen and wife are not prejudiced by the reversal of a judgment against them.

We have disposed only of those errors which Ewell rightfully assigned, leaving other questions untouched. The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.