F. R. DEAN, COLLECTOR, ETC., v. EDWARD REINECKE.

(No. 795, Tex. L. J., vol. 3, p. 656.)

APPEAL from Galveston County.    Opinion by CLARK, J.

§ 742. *"Bell-punch law;" constitutionality of.*    The opinion in this case maintaining the constitutionality of the bell-punch law is the same identically, in substance and authorities cited, as the opinion of Judge Clark in Albrecht v. State, 8 Tex. Ct. App. 216, and we do not, therefore, deem it necessary to report it.

---

JOHN Y. STAMPS v. N. R. McCLELAN.

(No. 739, Tex. L. J., vol. 4, p. 447.)

APPEAL from Gonzales County.    Opinion by WHITE, P. J.

§ 743. *Affidavit in forma pauperis.*    The affidavit *in forma pauperis* to take the case on appeal to the county court was in these words, viz.: "In this cause comes the defendant, J. Y. Stamps, and says he is desirous of appealing from the judgment rendered against him in the justice's court of Gonzales county, in the above entitled cause, to the county court of Gonzales county, on the 11th day of November, 1878. Defendant further says that he is unable to give the appeal bond as required by law in appealing to the county court; therefore he prays that this cause be appealed without bond, as he is unable to give a bond, which fact he hereto swears to." *Held,* the affidavit is not in compliance with the statute which entitles one to appeal who will make oath that "he is unable to give bond and security for costs, as may be required by law." [2 Pas. Dig. art. 6180; Green v. Martin, 43 Tex. 653; Ewell v. Anderson, 49 Tex. 697.] The county court did not err in dismissing the appeal.

February 26, 1881.                    Affirmed.