## PRESIDIO COTTON GIN & OIL CO. v. DUPUY. (No. 2104.)

Court of Civil Appeals of Texas. El Paso. Jan. 19, 1928.

1. Judgment ⟨⟩143(10)—Default judgment secured in absence of attorney who became lost in returning to town should be set aside.

Where judgment for default was entered, and in motion for new trial it was shown that attorney for defendant was absent from courthouse because he had taken wrong road in returning to town, held, that judgment should have been set aside and case set for rehearing.

2. Judgment ⟨⟩323, 325—Any correcting of judgment record on motion must be done in open court after proper notice; signing of order elsewhere being ineffectual (Rev. St. 1925, arts. 2227, 2228, 2231).

Where record did not show that plaintiff filed any application or motion to correct orig-

inal judgment, nor did record show original judgment was corrected in open court after notice of application had been given to parties interested, and there was evidence that trial judge signed corrected judgment in store, *held* that, under Rev. St. 1925, art. 2227, providing that to remit any part of judgment it must be done in open court and noted on docket, and article 2228, prescribing that mistakes in record in any judgment may be amended in open court after notice of application thereof has been given to interested parties, and article 2231, prescribing remittitur of correction made as provided shall cure any error in verdict, notice being necessary to exercise of power of court to make correction, judgment was reversible.

Appeal from Presidio County Court; W. T. Davis, Judge.

Suit by H. E. Dupuy against the Presidio Cotton Gin & Oil Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

J. C. Fuller, of Marfa, for appellant.

K. C. Miller and Mead & Metcalfe, all of Marfa, for appellee.

WALTHALL, J. Appellee, H. E. Dupuy, brought this suit in the county court of Presidio county against appellant, Presidio Cotton Gin & Oil Company, a corporation, to recover the sum of $585, alleged to be a balance due for services under a contract of employment as engineer and superintendent to operate appellant's oil mill for the season of 1926 at an agreed compensation of $175 per month, the said employment made through Crawford Harvie, appellant's general manager, and which sum appellant had refused to pay on demand, "whereupon plaintiff was forced and compelled and did make and file an itemized and sworn statement of account showing the amount then due from said defendant to said plaintiff, to secure and preserve his laborer's lien, said statement being filed on December 6, 1926, and recorded in volume 1, pp. 14 and 15, Records of Presidio County, Texas, hereto referred to, and made a part of this petition as if fully copied in said petition," and alleging other matters not necessary to state. Appellee prayed for judgment for the sum sued for, for "costs of suit, and for such other and further relief, general and special, in law and in equity that he may be justly entitled to." Appellant answered by general demurrer and general denial.

The case was called for trial, and, the appellant not appearing except by its filed answer as above, the court having heard the pleadings, evidence, and argument, judgment was entered in favor of appellee, that appellant is indebted to appellee in the sum of $700 for labor performed, stating the time, and further reciting in the judgment that:

"Plaintiff has a laborer's lien on all the property of every kind used and owned in connection with the oil mill plant of said defendant corporation situated [stating same] including the houses, buildings, engine, boiler, and every other kind of machinery, tools, and appliances owned by said corporation used in connection with said oil mill; also all supplies owned and in possession of said corporation."

The court decreed that "the laborer's lien" be foreclosed and that an order of sale issue, and directing the seizure and sale of said property. Thereafter and during the term of the court the court entered what purports to be a corrected judgment reciting that the court, having considered the former judgment, was of the opinion that it was erroneous in amount, and in that it provided for foreclosure of a laborer's lien "when the pleadings did not authorize a foreclosure." The corrected judgment also made a correction in the name of appellant. The corrected judgment in other respects is similar to the original judgment above stated.

Appellant duly filed a motion and verified first and second amended motions for a new trial. The motions are lengthy and we will state only such facts as we deem necessary to a proper understanding of the grounds upon which we dispose of the case. The motions state in substance: Appellant, until February, 1927, was engaged in the manufacture of cotton seed into cotton seed products; at that time appellant's mill burned; the season then being too far advanced to rebuild for the season of 1926 and 1927, there was no further need to maintain a crew or manager; Crawford Harvie was appellant's manager of its plant, including the bringing and defending of suits, and the only person familiar with its affairs; Crawford Harvie, after the burning of the mill at Marfa, Tex., removed to El Paso, Tex.; Harvie left the citation served in this suit with affiant (J. C. Fuller) with request that he be notified in time after the setting of this case for trial; this cause was an appearance case and could not be set for trial until Tuesday, June 7th, of this term; on Tuesday an agreement was had that said cause would be heard Friday, the 10th day of June; that appellant's attorney immediately wrote to Crawford Harvie so advising him of said agreement and deposited the letter in the mail for delivery, but that said letter was miscarried in the mail and did not reach Crawford Harvie until Saturday, June 11th, after judgment had been entered; on the morning of June 10th, it became necessary for appellant's attorney to drive to some ranches some 40 miles from Marfa and it was agreed between attorneys that this case would be taken up at 2 o'clock of that day, which would have been ample time to return to Marfa, but owing to the numerous country roads which lead from one watering place to another without going to any place in particular the attorney became confused on the roads, resulting in the at-

torney reaching Marfa at 3 o'clock at which time the (original) judgment herein had then been entered; that the term of the court convened on Monday, the 6th of June, and holds for four weeks. The motion complains that by reason of the attorney's absence and the entry of judgment as stated his demurrer was not presented, but waived, when it was not the intention of his attorney to waive the demurrer.

The verified second amended motion for a new trial and to set aside the corrected judgment, in addition to the above facts, recites that it was filed after leave of the court was granted. Paragraph 5 of the motion recites:

"That after said first amended motion was filed on the 29th day of June, 1927, upon the request of plaintiff, without the knowledge or consent of this defendant or its attorney the court vacated said original judgment and entered herein its decree designated 'Corrected Judgment'—defendant says that it had no notice of any application of plaintiff to vacate said judgment or that this court was taking any action thereon; * * * or any change was to be made in the original judgment of this court."

Paragraph 15 of the stated verified second amended motion recites:

"The court erred in entering its corrected judgment on June 29th, for the reason that the same was entered in chambers, or was signed on the streets of Marfa, Tex., without a hearing in the courthouse of Presidio county, as required by law."

The motion then recites that it has a good, and meritorious defense to the cause of action, and sets same out under several paragraphs, which we need not state. The court heard and overruled the second amended motion for new trial and to set aside the corrected judgment, to which appellant excepted and duly gave notice of appeal, and in due time perfected this appeal.

The record does not show that the grounds stated in appellant's motion were contested. The record does not show that appellee filed any application for or motion to correct the original judgment entered; nor does the corrected judgment itself, nor the record, otherwise show that the correction made to the original judgment was made in open court after notice of the application has been given to the parties interested in such judgment. The evidence of one of appellee's attorneys heard on the presentation of the motion shows that the attorney representing appellee prepared the corrected judgment and presented same to the trial judge in a store in Marfa where the corrected judgment was signed, and that the judgment as corrected was not submitted to appellant's attorney before submitting same to the trial judge for his signature.

[1, 2] There is no question, we think, but that appellant's attorney was unavoidably absent from the courthouse for one hour aft-

er this case had been set by agreement for call for trial. The judgment by default should have been set aside, and the case set down for rehearing. The trial court undoubtedly had the authority under the statute to make a correction of the judgment primarily entered, but article 2227 of the Revised Statute 1925 prescribes that to remit any part of the judgment it must be done "in open court" and noted on the docket. Article 2228, R. S., also prescribes that:

"Mistakes in the record of any judgment or decree may be amended by the judge in open court according to the truth or justice of the case after notice of the application therefor has been given to the parties interested in such judgment or decree."

Article 2231, R. S., prescribes that a remittitur or correction made as provided in any of the four preceding articles shall from the making thereof cure any error in the verdict or judgment by reason of such error, omission, mistake, or excess.

The corrected judgment should have been entered in open court and after notice to appellant or its attorney. The notice required by the statute is necessary, we think, to the proper exercise of the power of the court to make a correction in the original judgment entered. It is a provision of the statute that the trial judge's official act in making a correction of a judgment in term time is done in open court and after the notice as above. It would also seem to be doubtful that a corrected judgment entered in any other way than as provided by the statute would support an execution since the statute provides that "thereafter the execution shall conform to the judgment as amended."

In view of another trial we think it well to suggest a doubt as to the jurisdiction of the county court over the cause of action as stated in the petition. The county court is one of limited jurisdiction. In addition to the alleged debt of $585 the petition asserts a laborer's lien over property described. The petition does not in words ask a foreclosure of the asserted lien, but the petition prays for general relief. Appellee, in the first judgment entered, made proof of the record of the lien and took a judgment foreclosing the laborer's lien declared upon, but in the corrected judgment omitted the foreclosure of the lien, the judgment stating that the "pleadings did not authorize such a foreclosure." Conceding that to be true, which we do not pass upon, still the petition asserts as a part of its cause of action that it has a laborer's lien upon certain effects stated. The petition does not state the value of the property upon which it declares a lien, if the petition does so declare. Nor does it make such statement as to the asserted lien on such personal effects as to clearly state the jurisdictional facts. We mean here to do no more than to "ring a bell" on the jurisdictional feature of appel-

lee's cause of action as is attempted to be stated in the petition.

For reasons stated, the case is reversed and remanded.