## JOHNSON v. FIRST NAT. BANK OF BRENHAM.
### SAME v. DUBLIN MILL & ELEVATOR CO.
#### Nos. 1136, 1137.

Court of Civil Appeals of Texas. Waco.
Oct. 15, 1931.

Clark & Clark, of Dallas, for appellant.

Crane & Crane and Parker V. Lucas, all of Dallas, and Searcy & Hodde, of Brenham, for appellees.

ALEXANDER, J.

This appeal challenges the correctness of the ruling of the trial court on the pleas of privilege filed by the defendants. H. J. Johnson filed suit in the district court of Dallas county against A. F. Manhart and wife, Anna B. Manhart, to recover on two promissory notes alleged to have been executed by said defendants and payable to the plaintiff in Dallas county, and to foreclose a chattel mortgage on certain personal property. The plaintiff joined the First National Bank of Brenham, a corporation, with its domicile in Washington county, and the Dublin Mill & Elevator Company, a corporation, with its domicile in Erath county, as defendants in said suit, alleging that each of them was claiming some interest in the personal property described in the chattel mortgage. The defendants First National Bank of Brenham and the Dublin Mill & Elevator Company each in due time filed a separate plea of privilege to be sued in the county of its domicile. The plaintiff wholly failed to controvert either of the pleas of privilege. Neither the defendant Manhart nor his wife filed a plea of privilege. The trial court, after the expiration of the time allowed by law for filing a controverting affidavit, sustained the plea of privilege of the defendant bank, and transferred the suit as to said defendant to Washington county, and sustained the plea of privilege as to the defendant Mill & Elevator Company, and transferred the suit as to said defendant to the district court of Erath county, and retained jurisdiction over the suit by the plaintiff against Manhart and wife. The plaintiff filed separate appeals as to the defendants Mill & Elevator Company and as to the bank. By agreed motion, the cases were consolidated on appeal.

■ The plea of privilege as filed by the bank and by the mill were each in the usual statutory form, and contained the statutory allegation "that no exception to exclusive venue in the county of one's residence provided by law, exists in said cause." It was appellant's contention that the above-quoted allegation was a mere conclusion of the pleader, and that by reason thereof the pleas of privilege were insufficient. The above allegation on the part of the defendants was clearly a conclusion of the pleader, and in the ordinary pleading would not be sufficient. However, in regard to the form of the pleas of privilege, the Legislature has provided that such an allegation is not only permissible, but that it is sufficient. Revised Statutes, art. 2007. Since the Legislature has provided that such an allegation is sufficient, the courts have no authority to hold otherwise. Murphy v. Dabney (Tex. Civ. App.) 208 S. W. 981; First National Bank of Rhome v. Cage (Tex. Civ. App.) 32 S.W.(2d) 500, par. 4; Oakland Motor Car Co. v. Jones (Tex. Civ. App.) 29 S.W.(2d) 861, par. 11.

■ The appellant complains of the action of the court in splitting up the cause of action by retaining the suit of plaintiff against Manhart and wife, and transferring the suit as to the mill to Erath county and by transferring the suit as to the bank to Washington county. The rule seems to be that, where one of several defendants files a plea of privilege to be sued in the county of his residence, and the plea is sustained, if the cause of action is a joint action growing out of joint liability of all the defendants, the suit must be transferred as an entirety to the county of the residence of the defendant whose plea is sustained. On the other hand, if the cause of action against the several defendants is severable, or joint and several, the court should retain jurisdiction over the action in so far as it concerns the defendants whose pleas of privilege have not been sustained, and should transfer the suit in so far as it concerns the defendant whose plea is sustained. Standard Acc. Ins. Co. v. Pennsylvania Car Co. (Tex. Civ. App.) 15 S.W.(2d) 1081; McCarroll v. Edwards (Tex. Civ. App.) 22 S.W.(2d) 684; Rutledge v. Evans (Tex. Civ. App.) 219 S. W. 218.

■■ In order for a cause of action to be a joint action, there must be a joint liability on the part of the defendants. In this case the cause of action against Manhart and wife grew out of their having executed the notes and mortgage sued on. The other defendants are not alleged to have executed the notes nor the mortgage. The plaintiff merely alleged that said two defendants (the Mill and the Bank) were claiming some interest in the mortgaged property, and that such interest was inferior to plaintiff's claim. It was not alleged that they were the owners of the mortgaged property. The mere fact that such defendants were claiming some interest in the

mortgaged property is not sufficient to make them necessary parties to the suit brought by the plaintiff against the mortgagors to foreclose the lien. Shipley v. Pershing (Tex. Civ. App.) 5 S.W.(2d) 799, par. 2; Richardson v. Kent (Tex. Civ. App.) 21 S.W.(2d) 72, par. 2; Gamble v. Martin (Tex. Civ. App.) 151 S. W. 327, par. 5.

The cause of action by the plaintiff against Manhart and wife on the notes and to foreclose the lien on the personal property was clearly severable from that against the other two defendants who were merely claiming an interest in the property.

The judgment of the trial court is affirmed.