## DANIEL et al. v. SHARPE.
### No. 4583.

Court of Civil Appeals of Texas. Texarkana.
March 20, 1934.

Rehearing Denied March 29, 1934.

S. P. Sadler, of Dallas, for appellants.

Pat Beadle, of Clarksville, for appellee.

JOHNSON, Chief Justice.

On April 17, 1932, the appellee, Mrs. H. H. Sharpe, a feme sole, as plaintiff, filed this suit in the district court of Red River county against defendants, Ernest N. Daniel and P. M. Steinkamp, doing business under the firm name of Concord Oil Company, a copartnership. Plaintiff alleged that she was a resident of Red River county, Tex.; that E. N. Daniel resided in Dallas county, Tex.; and that P. M. Steinkamp was a nonresident of the state of Texas, residing and having his domicile in Jackson county, state of Missouri. Plaintiff's suit was for $534 for account of board and lodging of employees of defendants, and which she had furnished at the special request of the defendants, and for which it is alleged defendants contracted and agreed to pay plaintiff at the rate of $1 per day for the board and lodging furnished by plaintiff to each of defendants' employees. That contract was made between plaintiff and E. N. Daniel acting for the partnership. The account was stated and sworn to as well as the petition. It appears that citation, together with certified copy of the petition, was issued and served on E. N. Daniel "as agent of the Concord Oil Company, a copartnership composed of E. N. Daniel and P. M. Steinkamp," by delivering the same to E. N. Daniel in person on April 20, 1933. On May 8, 1933, E. N. Daniel filed his plea of privilege to be sued in Dallas county. May 10,

1933, plaintiff filed her controverting affidavit, in which she set out the allegations in her petition in full, and relied on subdivision 3 of article 1995, R. S. 1925, to sustain venue over the person of E. N. Daniel, which subdivision 3 provides: "If one or all of several defendants reside without the State or if their residence is unknown, suit may be brought in the county in which the plaintiff resides."

Hearing on the plea of privilege and controverting affidavit was set down for July 10, 1933, and due notice thereof served on E. N. Daniel. The order and judgment of the court rendered July 10, 1933, shows that, when the hearing on the plea of privilege and controverting affidavit came on to be heard, the plaintiff appeared and announced ready thereon, but the defendant E. N. Daniel failed to appear, and the court proceeded with the hearing, and, after having heard the evidence, overruled the plea of privilege and rendered judgment in favor of plaintiff, Mrs. H. H. Sharpe, and against E. N. Daniel and the Concord Oil Company, a copartnership composed of E. N. Daniel and P. M. Steinkamp, for the sum of $534 and costs.

Appeal has been duly prosecuted by E. N. Daniel and the Concord Oil Company.

Under his first assignment of error appellant E. N. Daniel contends that, prior to the hearing on the plea of privilege and controverting affidavit, P. M. Steinkamp, the nonresident defendant, was dismissed from the suit, thereby eliminating the only ground on which jurisdiction over the person of E. N. Daniel could be maintained. A copy of the entries on the judge's trial docket appears in the transcript filed in this court; at the top of which is an undated entry, "Discont'd and dismissed as to P. M. Steinkamp." But it does not appear from the record that any such order or judgment was entered upon the judgment records approved by the court. The order overruling the plea of privilege and the final judgment as actually entered in the minutes approved by the court and from which this appeal is perfected do not recite any order of dismissal as to P. M. Steinkamp. When in conflict with the entries on the judge's trial docket, the judgment as finally entered on the approved minutes controls; that is to say, an entry on the court's trial docket cannot vary the legal effect of the judgment as shown on the judgment record, Stark v. Hardy (Tex. Com. App.) 29 S.W.(2d) 967; Noblett v. Olive (Tex. Civ. App.) 259 S. W. 305, for the reason that such

entries on the judge's trial docket do not constitute a judgment or decree of the court, Stark v. Miller, 63 Tex. 164; Williams v. Land (Tex. Civ. App.) 300 S. W. 990.

■ Appellant E. N. Daniel further contends that the evidence was insufficient to sustain the judgment of the court overruling his plea of privilege. As we understand the record presented to us, it appears that the issue on the plea of privilege was heard along with the evidence on the main case, and that the cause of action as pleaded, including the facts with respect to the nonresident domicile of P. M. Steinkamp, was fully developed; hence he is presumed to have considered all the evidence in the case in support of his order overruling the plea of privilege. This procedure is not objectionable when no injury is shown to defendant. Gilmer v. Graham (Tex. Com. App.) 52 S.W.(2d) 263; De Mars v. Montez (Tex. Civ. App.) 277 S. W. 402; Mercantile Bank & Trust Co. v. Schuhart (Tex. Civ. App.) 277 S. W. 1087.

■ Appellant further contends that, after overruling E. N. Daniel's plea of privilege, the court erred in rendering judgment against E. N. Daniel individually, for want of the issuance and service of the proper citation. Pretermitting a discussion of the process, the manner of issuance and service of which is noted in the statement of the case above, it is not thought that the action of the court in the respect complained of is error. The filing by a defendant of a plea of privilege constitutes an appearance. It is a waiver of any defect or want of service, and, when overruled, it places the defendant in court for all purposes. Ruby v. Martin (Tex. Civ. App.) 44 S.W.(2d) 824; Texas Employers' Ins. Ass'n v. Evans (Tex. Civ. App.) 2 S.W.(2d) 566.

■ It appears in the record that on July 15, 1933, a draft of the judgment was prepared and submitted to the trial judge, and that it was by him signed and approved and filed with the clerk. This draft contained a recital of dismissal of the suit as to the defendant P. M. Steinkamp. On the same day appellant's motion for new trial was heard, overruled, and notice of appeal given. On July 19, 1933, during the same term of court, the trial judge struck from the draft of the judgment that part reciting a dismissal as to P. M. Steinkamp, and the draft as so corrected was by the clerk recorded in the judgment record which was approved by the court. Whereupon appellants filed a subsequent or amended motion for new trial complaining of the action of the court in the respect mentioned in addition to the other matters set up in their previous motion for new trial. This subsequent motion for a new trial heard during the same term of court, on July 24, 1933, was overruled and notice of appeal given, and upon which this appeal is perfected. On this hearing, July 24, 1933, the honorable trial judge testified for movants: "On Monday, July 17, 1933, I went to the District Clerk's office and made the erasures which now appear on the original draft, which I am ordering sent up as a part of the record. I made these erasures without notice to any of the parties. The copy of the judgment mentioned in the motion for a new trial filed by Ernest N. Daniel on the 19th, and which the Clerk mailed to you (Judge Sadler) was not approved by me and no new judgment was rendered, but the erasure was made in the draft of the judgment as it was filed on the 15th instant."

Under appropriate assignments, the appellants challenge the authority and assign as error the action of the trial judge in striking from the draft of the judgment the recital of dismissal as to P. M. Steinkamp, at the time and in the manner above set out, and without notice to appellants. The record does not show that the plaintiff dismissed her suit against P. M. Steinkamp, or that the court did in fact at any time pronounce or render a judgment of dismissal of the suit as to P. M. Steinkamp; and it is not shown that in striking from the draft of the judgment the recital of dismissal as to P. M. Steinkamp the honorable trial judge did other than thereby cause it to speak the truth with respect to his judgment actually rendered. The assignment cannot be sustained, for the reason that a court has absolute control over its judgments until in fact entered, recorded, and approved during the term of court at which they are rendered, Henderson v. Banks, 70 Tex. 398, 7 S. W. 815, and a draft of a judgment is not an instrument as such having any legal import upon the judgment actually rendered and entered upon the approved minutes of the court. Though rule 48 for the government of district courts provides that counsel for prevailing party shall prepare the form of the judgment to be entered, the court has an independent concern over the correctness of its records to see that they speak the truth, and this valuable right and duty of the trial judge is not in any wise precluded by having signed and approved an incorrect draft of the judgment. In law it is that which in fact is pronounced by the judge and entered upon the approved records of the court that constitutes the judg-

ment. It is not thought that articles 2228, 2229, R. S. 1925, or the case of Presidio Cotton Gin & Oil Co. v. Dupuy (Tex. Civ. App.) 2 S.W.(2d) 341, with respect to notice on application to correct the judgment, has application to the facts as here presented.

Appellants have made other assignments, all of which we have carefully examined, but, finding no error presented, they are respectfully overruled.

The judgment of the trial court is affirmed.