**PIERSON et al. v. PIERSON.**
No. 5011.

Court of Civil Appeals·of Texas. Amarillo.
April 17, 1939.

Rehearing Denied May 15, 1939.

Hardy Hollers, of Austin, and Vickers & Campbell, of Lubbock, for appellants.

Lawrence L. Barber, of Seagraves, and Coombes & Andrews, of Stamford, for appellee.

STOKES, Justice.

This suit was instituted by appellee, Lee Pierson, in the district court of Cochran County, against S. B. Pierson and his wife, Bertie B. Pierson, who were alleged to be residents of Hockley County, and William H. Pierson, administrator of the estate of William Pierson, deceased, a resident of Travis County. By first amended original petition William H. Pierson, individually as well as administrator, Alice Thomas and her husband, Harvey Thomas, of Thurston, Washington, Howard Pierson, alleged to be non compos mentis, a resident of Travis County, and Walter C. Pierson, his guardian, also a resident of Travis County, were made parties defendant.

The suit was upon a promissory note payable to appellee in the sum of $11,000 executed by S. B. Pierson, dated February 15, 1930, due and payable twelve months after date, with interest and attorney's fees, and to foreclose a deed of trust lien executed by S. B. Pierson and his wife, Bertie B. Pierson, upon certain land located in Cochran and Yoakum Counties.

The cause of action alleged against all of the appellants except S. B. Pierson and wife was that after the execution of the note and deed of trust constituting appellee's cause of action, defendant S. B. Pierson executed a note in the sum of $5000 and another in the sum of $9674.38 to William Pierson and secured the same by a second deed of trust upon the same land. It was alleged that William Pierson afterwards died in Travis County, leaving a will; that appellant William H. Pierson is the duly qualified and acting administrator of his estate, and that William H. Pierson, Alice Thomas, wife of Harvey Thomas, and Howard Pierson are the sole and only heirs at law of William Pierson, deceased, and the only beneficiaries of his last will and testament. It was alleged that the deed of trust held by appellants as heirs of William Pierson, deceased, was second, inferior and subordinate to the deed of trust lien held by appellee, Lee Pierson.

Appellee also sued to recover the sum of $570.82 which he alleged he was required to pay to the State of Texas as interest due the state school fund upon certain portions of the land, and prayed for judgment against defendant S. B. Pierson for the full amount of the indebtedness represented by the note sued on, interest and attorney's fees, for the amount paid as interest to the state, and for a foreclosure of his first and superior deed of trust lien against S. B. Pierson and all of the appellants.

All of the appellants, except Alice Thomas and her husband, filed pleas of privilege, alleging their residence to be in Travis County. Subject to the pleas of privilege they filed general and special exceptions to the petition and a cross-action against appellee in which they set up their notes and deed of trust, alleging the latter to be a first lien on the land and

superior to the deed of trust lien sought to be foreclosed by appellee. They prayed that their lien be so decreed but did not pray for a foreclosure thereof.

The case was submitted to the court without the intervention of a jury and after hearing the whole case, the court overruled the pleas of privilege and entered judgment in favor of the appellee against S. B. Pierson for the sum of $21,099.86, together with foreclosure of his deed of trust as a first lien upon the land against all of the defendants.

All of the defendants in the case, except S. B. Pierson and wife, Bertie B. Pierson, duly excepted to the judgment, gave notice of appeal, and have perfected an appeal to this court. They present the case here upon a number of assignments of error in which they contend, first, that error was committed by the trial court in procedural matters pertaining to hearing and disposing of the pleas of privilege; secondly, error in overruling the pleas of privilege; and, thirdly, error in overruling special exceptions to the petition.

Under the first contention appellants complain of the manner in which the trial court disposed of their pleas of privilege, contending that no evidence was heard, but that the court overruled the pleas of privilege before any controverting affidavits thereto were filed and without hearing any evidence thereon. The record shows some irregularities in this respect. During the discussion of the pleas of privilege and before controverting affidavits were filed the court announced he would overrule them. The testimony was then heard and, before the case was completed, appellee duly filed controverting affidavits. After the testimony was all heard, the court rendered judgment in favor of appellee. The record shows the pleas of privilege were discussed informally and on account of the desire of counsel to accelerate the hearing it seems to have been understood that the controverting affidavits would be considered as filed and that counsel for appellee would actually file them before the case was concluded. Before the hearing began upon the main issues in the case and before any evidence was heard upon the pleas of privilege and controverting affidavits, the trial judge announced he would overrule the pleas and counsel for appellants duly excepted. The case proceeded, however, upon the main issues and, after all of the evidence was heard, the judgment, disposing of all the issues in the case, including the action of the court in overruling the pleas of privilege, was entered.

While these proceedings were somewhat irregular we do not find anything in them that constitutes material error. The pleas of privilege were disposed of in the same judgment which disposed of the other issues in the case and it is apparent the final action of the court thereon was based upon the evidence introduced at the trial. It was within the discretion of the court to hear the evidence upon the pleas of privilege in a separate hearing or to hear it in connection with the trial of the main case, and we find nothing in the record which indicates an abuse of the discretion. The assignments of error pertaining to this question will, therefore, be overruled. Daniel v. Sharpe, Tex.Civ.App., 69 S.W. 2d 508; Gilmer v. Graham, Tex.Com.App., 52 S.W.2d 263.

Under appropriate assignments and propositions pertaining to their second contention, appellants assign as error the action of the trial court in overruling their pleas of privilege. The record shows that defendant S. B. Pierson, maker of the note sued upon by appellee, and his wife who joined him in the execution of the deed of trust given to secure the indebtedness, were residents of Hockley County. The land covered by the deed of trust was located in Cochran and Yoakum Counties. None of the appellants joined in the execution of the note nor of the deed of trust sued upon by appellee. None of them resided in Cochran County where the suit was filed but all were residents of Travis County except Alice Thomas and her husband, who were non-residents of the state. Appellee contends that he was entitled to maintain the suit in Cochran County under the provisions of Sub. 12, Art. 1995, R.C.S.1925, which provides that a suit for the foreclosure of a mortgage or other lien may be brought in the county where the property or any part thereof subject to such lien is situated. If appellants were necessary parties to the foreclosure proceeding instituted by appellee, he undoubtedly had the right to bring the suit against them in Cochran County as he did. In reply to this contention, appellants invoke the provisions of Sub. 29a of Art. 1995, Vernon's Ann.Civ.St. art. 1995, subd. 29a.

That subdivision is comparatively a recent enactment, having been enacted by the 40th Legislature in 1927. Acts 1927, 40th Leg., 1st C.S., p. 197, Ch. 72, Sec. 2. It provides that whenever there are two or more defendants in a suit brought in any county in this state and such suit is lawfully maintainable therein under the provisions of Art. 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto. Art. 1995 provides that no person who is an inhabitant of this state shall be sued out of the county in which he has his domicile except in the cases therein enumerated as exceptions. Upon the enactment of Sub. 29a in 1927 it took its place among the exceptions already contained in Art. 1995 and now occupies a place of equal dignity with all of the other exceptions contained therein. It was not intended as a modification or change of any of the exceptions to venue which previously existed, but was a new and independent exception, designed to clarify the conditions under which a party may be sued in a county other than his residence upon the specific condition contained in the new exception. Appellee contends that he proceeded under and is depending upon Sub. 12 and only upon Sub. 29a in so far as it affects Sub. 12. We know of no rule which permits a plaintiff to select and isolate any particular subdivision of Art. 1995 and maintain non-resident venue under it to the exclusion of provisions in other subdivisions of the article. Sub. 29a being an independent exception to exclusive venue must be considered in connection with all other subdivisions of the article and harmonized with them. It provides, in effect, that unless a person is a necessary party to a foreclosure proceeding contemplated by Sub. 12, he cannot, against his will, be subjected to non-resident venue. First Nat'l Bank v. Pierce, 123 Tex. 186, 69 S.W.2d 756; Henderson Grain Co. v. Russ, 122 Tex. 620, 64 S.W.2d 347; Citizens Nat'l Bank v. Citizens State Bank, Tex.Civ.App., 116 S.W.2d 1154.

The question presents itself, then, as to whether or not appellants were necessary parties to the foreclosure proceeding. They did not join in the execution of the note nor were they parties to the deed of trust sought to be foreclosed by appellee. Their claim to or interest in the land upon which the foreclosure was sought was separate, distinct and independent of that which was created by appellee's deed of trust. Appellee alleged that appellants' deed of trust was a junior lien and subject to the deed of trust lien which he sought to foreclose. Appellants alleged their deed of trust was a first lien and superior to the deed of trust of appellee. The facts showed the contrary. In fact the deed of trust held by appellants contained the specific provision that it was second, junior and inferior to the deed of trust held by appellee. We think, however, that, in so far as the question here presented is concerned, it is a matter of no consequence whether the lien of appellants was superior or subordinate to the lien held by appellee. The question is, were appellants necessary parties to appellee's foreclosure suit? It has many times been held by our courts that a necessary party to a judicial proceeding is one who is so vitally interested in the matter that a valid judgment or decree cannot be rendered without his presence as a party. Adams v. Bankers' Life Co. et al., Tex.Com.App., 36 S.W.2d 182; Bingham v. Graham, Tex.Civ.App., 220 S.W. 105; McCarroll v. Edwards, et al., Tex.Civ.App., 22 S.W.2d 684; Biggs v. Miller, Tex.Civ.App., 147 S.W. 632.

It may be, and probably is, desirable that appellee have before the court in his foreclosure proceeding all persons who have any interest whatever in the subject matter of the suit, although they be merely proper, and not necessary parties. If so, he had ample authority to bring them in under Sub. 4 of Art. 1995. He could have done that in this case by filing the suit in Hockley County which constituted the residence of S. B. Pierson, maker of the note and deed of trust sued upon. It was not necessary that he have appellants before the court in this proceeding, however, in order to effectuate a foreclosure of his deed of trust lien. He could have proceeded and obtained judgment against S. B. Pierson upon the note and a foreclosure of his deed of trust lien against him and his wife without joining appellants and a sale under such foreclosure would have divested them of the title to the land involved and placed in the purchaser at such sale whatever title they had in it. This was the proceeding that was contemplated when the deed of trust and note were executed and the fact that the owner of the land executed a subsequent deed of trust thereon to other parties did not in any way affect appellee's right to such contemplated foreclosure. It cannot be said,

therefore, that appellants were so vitally interested in the matter that a valid decree of foreclosure could not have been rendered without their presence as parties to the suit. Appellants have cited us to no case, and we have found none, wherein the courts of this state have passed upon the question in its relation to a second deed of trust lien, but in the case of West Texas Construction Co. v. Guaranty Bldg. & Loan Co., 93 S.W.2d 774, 775, the Court of Civil Appeals of the First District at Galveston had before it a similar situation. The appellee in that case held a deed of trust upon land situated in Tarrant County. The West Texas Construction Company was alleged to have some kind of lien upon the same land which the plaintiff alleged was inferior to its lien. The suit was filed in the district court of Galveston County where the notes were payable. The Construction Company filed a plea of privilege and, subject thereto, sought foreclosure of a paving lien. The plea of privilege was overruled and the action of the court thereon was assigned as error. The sole question presented was whether or not the Construction Company was a necessary party to the suit. In the course of the opinion written by Justice Graves it was concluded that the Construction Company was not a necessary party. In passing upon the matter the court said: "Irrespective, for the moment, of any question affecting the standing or priority of the respective liens claimed by the opposing parties, it seems clear that appellant was not a necessary party to this suit under the quoted pronouncement, since the appellee undoubtedly could have proceeded to and obtained a valid judgment against the Killians without joining it at all, and could by a sale pursuant thereto have divested them of any title they might have then had in the property."

The quoted pronouncement referred to was from the case of First Nat'l Bank v. Pierce, supra, wherein the Supreme Court held, in effect, that the new exception, Sub. 29a, was not a restriction upon the meaning or operation of any pre-existing exception contained in the article but left them all in full operation as before its enactment. It is there said [123 Tex. 186, 69 S.W.2d 757]: "It is reasonably clear that the term 'necessary parties' is used in the new exception in the strict sense of the term; that is to say, as embracing only those persons without whose presence before the court no adjudication of any of the subject matter involved in the litigation can be had.'"

We conclude that appellants, William H. Pierson, individually and as administrator of the estate of William Pierson, deceased, Walter C. Pierson, guardian of the person and estate of Howard Pierson, and Howard Pierson, not being necessary parties to the foreclosure proceeding instituted by appellee, were entitled to the benefits of Sub. 29a of Art. 1995, R.C.S.1925, and the court below committed reversible error in overruling their pleas of privilege.

Under the third and last contention made by appellants, they assign as error the action of the court in overruling their special exception to the first amended original petition because it failed to allege that the defendant had not repaid to the plaintiff the sum of $570.82 which he alleged he had been required to pay to the State of Texas as interest on the unpaid portion of the original purchase money. The record shows that appellee took the witness stand and was asked by his counsel if the amount thus paid by him had ever been repaid. Appellees objected to the testimony upon the ground there was no pleading to support it and their objection was overruled.

Appellee alleged the terms of the deed of trust under which he was authorized to pay the interest to the state and that he had been required to pay it. He alleged further that upon making such payment, he became entitled to be repaid the amount and that he was entitled to a lien on the land to secure the same and to be subrogated to the lien and rights of the State of Texas pertaining thereto to the extent of such payment. He did not allege, however, that appellees had refused or failed to reimburse him the amount so paid by him nor that any demand had been made upon them to do so.

It is elementary that, in a suit upon a note or other contract for the payment of money, an allegation of nonperformance is necessary. If it were not necessary to allege it, obviously it would not be necessary to prove it. It could hardly be seriously contended that recovery could be had without such proof. Carter et al. v. Olive, Tex.Civ.App., 128 S.W. 478; Beck v. Nelson et al., Tex.Civ.App., 17 S.W.2d 144, and authorities there cited

The special exception to the petition and objection to the testimony in respect to this matter were made on behalf

of all of the appellants and, although they were not liable on the note sued upon, nor for the interest paid to the state, the error in the rulings affected their interest in the lien held by them upon the lands involved and they, therefore, had a right to complain.

S. B. Pierson, the maker of the note sued upon, and his wife, Bertie B. Pierson, who joined him in the execution of the deed of trust, made no complaint of the judgment and have not appealed. The judgment of the court below will, therefore, be affirmed as to them. Danner v. Walker-Smith Co., Tex.Civ.App., 154 S.W. 295.

As to the appellants, because of the errors we have discussed, the judgment will be reversed and the cause remanded.

On Motion for Rehearing and to Certify.

Appellee has filed a motion for rehearing in which he vigorously contends we erred in our holding to the effect that William H. Pierson, individually and as administrator, Walter C. Pierson, guardian, Howard Pierson, and Alice Thomas and her husband, Harvey Thomas, were not necessary parties to the suit as contemplated by Sub. 29a of Art. 1995, R.C.S., Vernon's Ann.Civ. St. art. 1995, subd. 29a. He alleges that we are in conflict with the recent cases of Pioneer Bldg. & Loan Ass'n v. Gray, 125 S.W.2d 284, by the Commission of Appeals, and Hamilton et al. v. Federal Land Bank, Tex.Civ.App., 125 S.W.2d 1088, and Smith v. Dozier Const. Co., Tex.Civ.App., 66 S.W. 2d 744.

The difference in the facts presented marks the distinction between the holdings of the courts in those cases and our holding in the instant case. In each of the cited cases the parties asserting their privilege to be sued in the counties of their residence had acquired an interest in the corpus of the property involved. They had to that extent stepped into the shoes of the original mortgagors and, for that reason, the mortgages could not be effectively foreclosed without their presence before the court. In the instant case no such condition exists. It is not claimed any of the parties who here claim their privilege had acquired any interest in the property upon which appellee seeks to foreclose his deed of trust. They are lien holders only and in no sense connected with the transaction primarily involved in the suit.

Prior to the enactment of Sub. 29a of Art. 1995 (Acts 1927) our courts had held that a second lien holder was only a proper, as distinguished from a necessary, party to a suit to foreclose a prior lien. Ewell v. Anderson, 49 Tex. 697; Gamble v. Martin et al., Tex.Civ.App., 151 S.W. 327; Tug River Coal & Salt Co. v. Brigel et al., 6 Cir., 86 F. 818; Wiltsie on Mortgage Foreclosure (4th Ed.), par. 373; Jones on Mortgages (8th Ed.), par. 1813.

They had also held that one in possession, or having a right of possession under conveyances or conditions which arose subsequent to the execution of the mortgage or deed of trust sought to be foreclosed was a necessary party to the foreclosure proceeding. Bradford v. Knowles, 86 Tex. 505, 25 S.W. 1117.

The decisions prior to the enactment of Sub. 29a, as well as since its enactment, have been consistent in their adherence to the rule that all subsequent encumbrancers of whose claims notice is given before the filing of the suit, either by possession or registration, must be made parties or they are not affected by the foreclosure. Byler v. Johnson, 45 Tex. 509; Delespine v. Campbell, 45 Tex. 628; Davis v. Rankin & Whitworth, 50 Tex. 279; Anderson v. Ward, Tex.Com.App., 4 S.W.2d 32; Johnson v. First Nat'l Bank, Tex.Civ. App., 42 S.W.2d 870. That does not mean, however, that no effective judgment of foreclosure can be had without their presence in the suit. It means only that, if the plaintiff wishes to shut off their equity of redemption, he must make them parties.

It was in the light of these holdings of the courts that the Legislature enacted Sub. 29a of Art. 1995 and limited defendants who may be forced out of the counties of their residence to litigate causes of action in counties where none of the defendants reside to those who are "necessary parties" to the suit. In First Nat'l Bank v. Pierce, 123 Tex. 186, 69 S.W.2d 756, our Supreme Court, in the definition quoted in our original opinion, has very definitely, and we think quite correctly, stated what was meant by the Legislature when it enacted the subdivision and used the term "necessary parties."

Certainly it cannot be maintained that appellee could not foreclose his deed of trust lien against those who are liable upon the indebtedness to secure which the deed of trust was given, and who still

own the property covered by it, without the presence in court of the second lien holders. We think it is clear under the holdings of our courts prior to the enactment of the subdivision in question that the correct and proper interpretation of its language has been made by the Supreme Court in the case above cited and that, under its terms, second lien holders are not "necessary parties" to a foreclosure suit upon a prior lien in the sense contemplated by the subdivision. It may be that the rigid restriction results in hardships and inconvenience. If so, it is not a matter with which the courts are concerned. Their duties are confined to the interpretation of the law as it is written and in no sense to modify or expand it by judicial interpretation.

We have carefully considered the motion for rehearing and, believing that, in the original opinion, we correctly disposed of the questions involved, the motion for rehearing and the motion to certify the question to the Supreme Court will be overruled.