### FIRST NATIONAL BANK IN DALLAS V. C. A. PIERCE.

No. 6159. Decided March 21, 1934.
(69 S. W., 2d Series, 756.)

*Coke & Coke* and *Thos. G. Murnane*, of Dallas, for appellant.

Said cause of action was not joint and defendant bank was not a necessary part to the proceeding in Lubbock County. Richardson v. Cage Co., 113 Texas, 152, 252 S. W., 747; World Company v. Dow, 116 Texas, 146, 287 S. W., 241; Kirby v. Fitzgerald, 35 S. W. (2d) 763; Greenville G. & F. Co. v. Commercial Fin. Co., 117 Texas, 124, 298 S. W., 550; Marston v. Hill, 32 S. W. (2d) 520.

*Levens, McWhorter & Howard,* of Lubbock, for appellee.

The cause of action being joint the defendant, the First National Bank in Dallas, was a necessary party to the proceedings in Lubbock County, where the suit was brought; hence its plea of privilege was properly overruled. Article 1995, sub. 4, 10, 29a, R. S., 1925; Winn v. Schramm, 39 S. W. (2d) 645; Alexander v. Alexander, 265 S. W., 1072.

MR. PRESIDING JUDGE HARVEY delivered the opinion for the Commission of Appeals, Section A.

The Court of Civil Appeals for the Seventh District has submitted the following certificate containing certified questions:

"C. A. Pierce, plaintiff, filed this suit in the District Court of Lubbock County against W. A. Myrick, Sr., H. W. Stanton, George C. Wolffarth, and the First National Bank in Dallas, having its residence and principal place of business in Dallas County, Texas, as defendants.

"The Bank filed its plea of privilege to be sued in the county of its residence. This plea was overruled by the Trial Court and appeal had to this Court.

"The appellant, by two propositions, presents to us alleged errors of the Trial Court in overruling defendant Bank's plea of privilege. The first is that plaintiff's controverting affidavit to defendant's plea of privilege was insufficient as a compliance with the terms of Art. 2007, R. C. S., 1925.

"The second is that the plaintiff's petition and proof discloses three distinct and severable causes of action,—one against the Bank, which, if good at all, could only be based upon a claim for unlawful conversion of money and certain notes growing out of a transaction occurring wholly within Dallas County, had wholly between the Bank and defendant Myrick, involving the negotiation and transfer of certain negotiable notes at a time when Myrick was lawfully vested with the title to said notes and authorized to deal with them; a second cause of action against the defendant Myrick for breach of express contract and failure to faithfully account to plain-

tiff for plaintiff's share of the proceeds of their joint enterprise; and a third cause of action based upon trespass to try title against defendant Stanton for purchasing certain lands while charged with notice of the contract between Myrick and plaintiff in regard to the title to said lands; that said causes of action were not joint. and the defendant Bank was not a necessary party to the proceedings in Lubbock County.

"The plaintiff's cause of action, as set out in his petition, is a suit, first as against Wolffarth, his alleged partner, in the matters and things involved in the suit, and he, Wolffarth, is made a party defendant because it is alleged he refused to join in the suit against Myrick, Stanton and the Bank. The controverting affidavit by plaintiff alleges substantially that plaintiff and defendant Wolffarth were the owners of certain vendor's lien notes, describing them, aggregating a sum in excess of $20,000.00; that plaintiff and Wolffarth negotiated a loan with the defendant Myrick in the sum of $11,531.23, and placed the $20,000.00 vendor's lien notes with Myrick as collateral security for said loan; that Myrick, at the time of placing of the vendor's lien notes as collateral, had the right to collect sufficient money therefrom to pay off the $11,531.23 indebtedness to him, and the balance in vendor's lien notes was to be transferred and surrendered back to plaintiff and Woyffarth; that Myrick put the $11,531.23 note, together with the collateral notes pledged, and pledged them and each of them with the defendant, First National Bank in Dallas, to secure an indebtedness due and owing by Myrick to said Bank. That the said Bank is and has been at all times since in possession of said notes and said Bank, at the time of the placing of said notes with it by Myrick, had both actual and constructive notice that said notes belonged to the plaintiff and Wolffarth and had knowledge that same were placed and pledged with the defendant Myrick as collateral security to his, Myrick's debt. That Myrick, with the knowledge and consent of the bank, collected notes in excess of $16,000.00; that the notes held by the Bank have never been credited with any sums paid to defendant Myrick and the Bank; that the Bank had knowledge of all of the collections made by Myrick, but had negligently failed to make any credits on said $11,531.23 note, or said collateral notes, and failed and refused, and still fails and refuses, to deliver the same or any part of said notes to plaintiff or defendant Wolffarth. Plaintiff further in said controverting plea alleged that the Bank and Myrick should be required to account to him for such sums collected on the collateral notes, both principal and interest, and to account to him for the value of

the lands taken by deeds in satisfaction of any or all notes and indebtedness that they have collected and surrendered, and to account to him for all lands taken under foreclosure, as well as all the rents, etc.

"There is evidence that would warrant the Trial Court in finding that the Bank in Dallas had actual notice that Myrick held the vendor's lien notes as collateral and there is evidence sustaining plaintiff's cause of action as pleaded by him.

"In the opinion of this Court, the decision of the questions at issue before us depend upon the construction to be given to Art. 1995, subdivision 29a, which reads as follows:

"'Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto.

"In the case of Cobb v. Barber, 92 Texas, 309, 47 S. W., 963, the Supreme Court held that where a suit was rightfully brought against a defendant who resided in the county in which the suit was brought, that the plaintiff had the option to join with such defendant in that suit another defendant who resided in a different county, provided he was a proper party to the suit.

"Subsequent to the rendition of that decision, the Legislature amended Art. 1995 by adding 29a to it.

"We therefore ask for a construction of this subdivision 29a and propound to Your Honors the following questions:

"First: Does this amendment permit the making of a party defendant in a suit brought in a county other than the county of his residence, if he be a proper party to the litigation, or does it require that such defendant be a necessary party to the litigation?

"Second: Is the defendant, First National Bank in Dallas, a proper party to the litigation, or is it a necessary party thereto?

"Third: Is the issue of venue herein governed by Art. 1995, subdivision 4 or is it governed by said subdivision 29a?"

Subdivision 29a of Article 1995 appears to have been enacted as an additional exception to the provision of said article which says that, "No person, who is an inhabitant of this State, shall be sued out of the county of his domicile." The new exception thus created does not purport, in terms, to change in any respect the previously existing exceptions prescribed in said article, and we do not think that such a purpose is fairly implied.

The purpose of the new exception, as disclosed by its terms, was not to restrict the meaning or operation of any pre-existing exception contained in the article, but to leave them all in full operation as before. It is reasonably clear that the term "necessary parties," is used in the new exception in the strict sense of the term, that is to say, as embracing "only those persons without whose presence before the court no adjudication of any of the subject matter involved in the litigation can be had." Townes Texas Pleading (2d Ed.) 258. The very fact that this is the meaning of the term "necessary parties," as used in the new exception, tends to exclude the idea that the Legislature intended the provisions of the new exception to modify or in anywise control the operation of the provisions of the old exceptions. For it may be fairly presumed that if the new enactment were intended to dominate or vary the meaning or operation of said pre-existing provisions, the Legislature, because of momentous and far-reaching results that would follow, would have more clearly disclosed such intention, and would not have left same to be discovered by uncertain implication.

■ With reference to the present suit, it is clear enough that the First National Bank in Dallas is not a necessary party, within the meaning of subdivision 29a; consequently venue, as to the bank, does not lie in Lubbock County by virtue of this subdivision of the statute. However, this conclusion does not foreclose the matter of venue. For reasons to be stated, there can be no doubt that, as to the bank, venue lies in said county by virtue of subdivision 4 of said Article 1995. That subdivision provides that: "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides."

This suit embraces a cause of action against the bank and Myrick, for trespass, involving property belonging to the plaintiff and Wolffarth. Although the trespass occurred in Dallas County, and the bank is domiciled there, Myrick resides in Lubock County where the suit was brought. The bank and Myrick jointly committed the trespass and are jointly and severally liable therefor. In respect of liability for the trespass, neither the bank nor Myrick may not be an absolutely necessary party to the suit against the other, but both are proper parties. Whatever seeming discord may exist among the authorities as to the effect of subdivision 4 in other respects, all agree that, by virtue of this subdivision, a suit to enforce a joint and several liability against two or more de-

fendants may be brought in the county where one of said defendants resides.

What has been said is intended to relate exclusively to the matter of venue as presented in the certificate, and same furnishes a sufficient answer to the questions certified. We recommend that they be so answered.

The opinion of the Commission of Appeals answering the certified questions is adopted and ordered certified.

C. M. CURETON, Chief Justice.