### WHITE v. WHITE.

#### No. 10055.

Court of Civil Appeals of Texas. San Antonio.

May 19, 1937.

Perkins & Floyd, of Alice, and J. R. Cade, of San Antonio, for appellant.

E. B. Simmons, of San Antonio, for appellee.

MURRAY, Justice.

Appellee, Mary Frances White, instituted this suit in the district court of Bexar county, Thirty-Seventh judicial district, against her former husband, Paul E. White, and one Wade True, alleging that Wade True had committed a criminal assault upon her in San Antonio, Bexar county, Tex., and that in doing so he was the agent of her former husband, Paul E. White, and that he was acting in the scope of his employment at the time he committed the assault. Paul E. White filed a plea of privilege to be sued in the county of his residence, to wit, Jim Wells county. Mary Frances White was also a resident of Jim Wells county, and Wade True resides in Nueces county. It is therefore apparent that none of the parties to this suit reside in Bexar county.

Paul E. White filed his plea of privilege on October 3, 1935; such plea was controverted by appellee and set down for hearing on October 28, 1935. At that time Paul

E. White appeared and filed his replication to the controverting affidavit, in which he urged certain general and special exceptions and a general demurrer to the controverting affidavit. However, the plea of privilege was not disposed of at that term of court. The entire case was set for trial on the merits for April 18, 1936. A new term of court began on November 1, 1935, another, on January 1, 1936, and another, on March 1, 1936, in the court below, but apparently no effort was made by appellee to secure a disposition of appellant's plea of privilege, until the case was called for trial on April 13, 1936. Appellant then filed a motion to strike out the controverting affidavit to the plea of privilege on the ground that appellee had waived her right to contest his plea of privilege by permitting three terms of the court to transpire without having secured any disposition of the plea of privilege. This motion to strike out the controverting affidavit was overruled and the trial judge ordered the plea of privilege heard along with the merits of the case. A jury was impaneled and the evidence heard. The trial judge then overruled the plea of privilege and submitted the case on its merits to the jury. The jury failed to agree and were discharged. Appellant has prosecuted this appeal from the order of the trial judge overruling his plea of privilege.

Appellant contends that the record failing to show any sufficient reason why the plea of privilege was not acted upon at the term of court at which the plea of privilege was filed, duly controverted, and called to the attention of the trial judge, the trial court was without jurisdiction at a subsequent term of the court to hear and determine such plea of privilege, other than to order the case transferred to the county of appellant's residence.

Article 2013, R.C.S. 1925, provides: "Pleas to the jurisdiction, pleas in abatement, and other dilatory pleas and demurrers, not involving the merits of the case, shall be determined during the term at which they are filed, if the business of the court will permit."

Rule 24 for the county and district courts, on the same subject, is as follows: "All dilatory pleas, and all motions and exceptions relating to a suit pending, which do not go to the merits of the case, shall be tried at the first term to which the attention of the court shall be called to the same, unless passed by agreement of parties with the consent of the court; and all such pleas

and motions shall be first 'called and disposed of before the main issue on the merits is tried."

In American Fidelity & Casualty Company v. Jones Transfer & Storage Company, 46 S.W.(2d) 1054, 1055, this court said: "Under the provisions of the present statute, article 2008, as construed by the courts, the burden rests upon the plaintiff, and not upon the defendant as under the prior statute, to procure disposition of a plea of privilege during the term at which such plea is 'filed, or show that the business of the court prevented its consideration at such term. The authorities seem to go further and hold, in effect, that, where the plaintiff fails to make such showing, he will be held to have waived his contest of the plea, thereby depriving the court of jurisdiction over the cause at a succeeding term, except to transfer it to the proper county."

We conclude that appellee herein, by her failure to secure a disposition of the issues raised by the plea of privilege and the controverting affidavit until the third term of court, after such plea of privilege and controverting affidavit had been filed, waived her right to contest appellant's plea of privilege, and that the trial court erred in overruling said plea of privilege. The trial court should have sustained the plea of privilege and ordered the cause against appellant, Paul E. White, transferred to the district court of Jim Wells county. Austin Bridge Co. v. Wren (Tex.Civ.App.) 297 S.W. 654, 655.

However, aside from the question of waiver, we are further of the opinion that under the evidence in this case the plea of privilege should have been sustained. The evidence discloses that appellee left the city of Alice by automobile, with Wade True, and drove to the city of San Antonio, where a room was secured at the Grande Courts tourist camp, where they remained until about midnight, when, for some reason, they left and went to another tourist camp where appellee contends that Wade True made an assault upon her; that she then left the tourist camp and went to the home of her sister in San Antonio, where she spent the remainder of the night. She admits that the next morning she drove to the Lanier Hotel in San Antonio, where she again picked up Wade True in her automobile and drove back to the city of Alice. The only evidence in the record that in any way connects Paul E. White with this assault is the testimony given by Mrs. D. Neal, the sister of appellee. Her testimony on this point was as follows:

"Q. Now then, when Paul White called about seven o'clock was, or not, your husband at home? A. Not the first time.

"Q. All right. Just tell, Mrs. Neal, what Paul White said to you over the telephone? A. He asked why my husband and I didn't help him out in the 'case, and I told him he wouldn't expect me to talk against my own sister. I said my husband might do it but I would not. I asked him why he wanted to frame my sister with this Wade True and he said because he wanted to get the children.

"Q. Because he wanted to get the children? A. Yes, Sir."

This testimony might be construed as showing that Paul E. White was in some way responsible for Wade True's association with appellee, but it is certainly insufficient to show that Wade True was the agent of Paul E. White, and acting in the scope of his employment when he committed an assault (if he did do so) on appellee.

The only other ground upon which appellee seeks to hold venue in Bexar county is under the application of subdivision 29a of article 1995, Vernon's Ann.Civ.St. Under this section of the venue statute Paul E. White could not be held to answer to this suit in Bexar county, Tex., unless he was a necessary party to the suit. It is clear from the record that Paul E. White was not a necessary party to the suit of appellee against Wade True for an assault alleged to have been committed upon her by Wade True, in Bexar county, Tex. First National Bank in Dallas v. Pierce, 123 Tex. 186, 69 S.W.(2d) 756.

Accordingly, the judgment of the trial court overruling appellant's plea of privilege will be reversed and judgment rendered sustaining said plea of privilege and directing the clerk of the district courts of Bexar county to transfer this case, in the manner provided by law, to the district court of Jim Wells county.