## HAMILTON et al. v. FEDERAL LAND BANK OF HOUSTON.

### No. 10756.

Court of Civil Appeals of Texas. Galveston.

Jan. 26, 1939.

Appellee's Motion for Rehearing Granted Feb. 16, 1939.

Appellant's Motion for Rehearing Denied March 16, 1939.

Williams, Lee, Sears & Kennerly, Jesse J. Lee, and W. H. Blades, all of Houston, for appellants.

Carl Runge and Chas. L. Terry, both of Houston, for appellee.

CODY, Justice.

This is a plea of privilege case.

Appellee brought suit against Myrtle E. Arnold, individually, and as survivor of the community of herself and deceased husband, C. L. Arnold, and against W. S. Connor and wife, Lorena, T. B. Hamilton, C. C. Kirk, and others not necessary to name. The petition alleged, among other things, that on May 31, 1922, W. S. Connor and wife executed and delivered to appellee their note for $2,900, and to secure its payment gave their deed of trust covering 322 acres of land, specifically described, in Sabine County; it also alleged the 322-acre tract was conveyed to C. L. Arnold on December 22, 1930, who, as a part of the consideration, assumed the payment of the aforesaid note. The death of Arnold, and subsequent appointment and qualification of Myrtle E. Arnold as community survivor, was also alleged; and it was further alleged that in consideration of release from personal liability on her part and that of the community estate, she conveyed the 322-acre tract to appellee; that the deed contained the stipulation that appellee reserved the right, in the event the superior title is not thereby conveyed to it, to foreclose its deed of trust lien. Default in payment of the note, etc., was alleged. The allegation with respect to the other defendants was that they claimed some right, title and interest in the property, but which was inferior to appellee's right to foreclose, etc.

Appellants filed pleas of privilege to be sued in the county of their residence, Sabine County. Appellee filed controverting affidavits, asserting the right to sue in Harris County under Subdivision 5 of Art. 1995, Vernon's Ann.Civ.St., because the suit was on a written note payable in Houston; and because, under Subdivision 29a of Art. 1995, Vernon's Ann.Civ.St., appellants are "necessary parties" to the foreclosure.

The facts are that W. S. Connor and wife gave the note and deed of trust sued on, and the deed of trust was duly recorded. Thereafter, on January 29, 1929, by deed duly recorded, Connor and wife conveyed to appellant Hamilton an undivided half interest in the oil, gas and other minerals under the 322 acres, and in this deed no reference is made to appellee's lien. About

a year later, Connor and wife likewise conveyed an undivided 100-acre oil, gas and mineral interest in the tract to C. C. Kirk, and no reference is made in this deed to appellee's lien. Thereafter, the Connors conveyed the land to C. L. Arnold, who assumed payment of the note.

It should be added that all the defendants resided in Sabine County.

Under Subdivision 5 of Art. 1995, the makers of the note sued on and the defendants who assumed its payment, can be sued in Harris County. But appellants neither made the note nor assumed its payment; they merely bought their interest from the mortgagors, subject to the mortgage. If they are suable against their will in Harris County, it is by virtue of Subdivision 29a of Art. 1995: "Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintained therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

Those who have bought land subject to a mortgage, and hold it at the time suit is brought to foreclose the mortgage, are necessary parties to the foreclosure suit, as the term "necessary parties" is used in such connection. Buchanan v. Monroe, 22 Tex. 537; Lind v. Merchants' State Bank & Trust Co., Tex.Civ.App., 16 S.W.2d 385, and the cases therein cited. The Lind case is direct authority for holding that, under Subdivision 29a, appellants' plea of privilege should be overruled. But, as against the authority of the cited cases, the Commission of Appeals, speaking for the Supreme Court through Judge Harvey in First National Bank v. Pierce, 123 Tex. 186, 69 S.W.2d 756, 757, has held, "It is reasonably clear that the term 'necessary parties' is used in the new exception [i. e. subdivision 29a] in the strict sense of the term; that is to say, as embracing 'only those persons without whose presence before the court no adjudication of any subject matter involved in the litigation can be had.'" The language of the decision clearly implies that the court intended to hold that, as used in the exception, "necessary parties" is not used in its ordinary legal significance, but in a strict, and therefore exceptional, sense. In order to construe the privilege of a defendant to be sued in his home county liberally, exceptions thereto must doubtless be construed strictly. We are bound by that decision. And in the light of that decision, it would serve no useful purpose in this court to discuss reasons why, in the present character of suit, appellants should be held to be necessary parties to a foreclosure of the mortgage. Purchasers of mortgaged property are not necessary parties to a valid judgment foreclosing the mortgage thereon as to property it covers, other than with respect to the portion they hold, though they are necessary parties if their equity of redemption is to be foreclosed.

So far as appellee is concerned, appellants are not necessary to a valid foreclosure of its lien as against the other parties to this suit. Mrs. Arnold, whose deceased husband assumed payment of the mortgaged debt, has the right to require that appellants' interests in the mortgaged property be subjected to payment of such debt before any judgment is taken on her husband's personal assumption thereof. In Harris v. Masterson, 91 Tex. 171, 176, 41 S. W. 482, 483, it was said "But when the mortgagor has conveyed the mortgaged premises, and the grantee has assumed the mortgaged debt, the land, as between the mortgagor and his grantee and all persons claiming under the latter, becomes the primary fund for the payment of the debt." Whether this right of Mrs. Arnold to require appellants to be made parties defendant could make of them "necessary parties" has not been argued, and therefore has not been fully considered.

For the reasons given, we are constrained to hold that the trial court erred in refusing appellants' pleas of privilege, and its order refusing such pleas is here reversed and the cause remanded, with instructions to the trial court to enter such orders as are necessary to transfer the cause, in so far as the same affects the appellants, to the district court of Sabine County, the court of appellants' residence.

Reversed and remanded with instructions.

## On Appellee's Motion for Rehearing.

As appears from our former opinion we held that appellants were not "necessary parties" within the meaning of subdivision 29a of the venue act (art. 1995), solely because of our belief that we were required to do so under the authority of First Nat. Bank v. Pierce, 123 Tex. 186, 69 S.W.2d 756. While the definition that is there giv-

en seems broad enough, when applied to appellants, to exclude them from being "necessary parties" as there defined, we now believe we overlooked the importance of the concluding words of the opinion in that case to the effect that what is there said was intended to relate exclusively to the matter of venue as presented in the certificate there answered, and that that cause was referable to and controlled by subdivision 4 of Article 1995 exclusively. Sufficient authority, when not bound by the Pierce case to hold appellants are not "necessary parties" within the meaning of subdivision 29a, to hold appellants as such "necessary parties", appears in our former opinion, as well as sufficient reason for so holding. We therefore without citation of further authority or enlarging upon the reasoning of our original opinion grant appellee's motion for rehearing, set aside our former judgment, and affirm the action of the trial court refusing appellants' pleas of privilege. We, of course, refuse appellee's alternative prayer, in its motion for rehearing, to certify to the Supreme Court.

Motion for rehearing granted, former judgment of reversal and remand set aside, and judgment of the trial court affirmed.