**MOORE v. HOOVER et al.**

No. 10931.

Court of Civil Appeals of Texas.
San Antonio.

April 2, 1941.

Eskridge & Groce and Russell Talbott, all of San Antonio, for appellant.

Walter C. Wolff and Charles J. Lieck, both of San Antonio, for appellees.

MURRAY, Justice.

This is an appeal from an order of the 73rd District Court of Bexar County, Texas, overruling J. M. Moore, Jr.'s, plea of privilege to be sued in the county of his residence.

This suit was instituted by Nettie Hoover and her children against Hilmar Moore and J. M. Moore, Jr., seeking to recover damages for the death of George B. Hoover, which resulted from a collision between a car in which he was riding and one driven by Hilmar Moore. The collision occurred in Bexar County, Texas. Both Hilmar Moore and J. M. Moore, Jr., reside in Fort Bend County, Texas. It was further alleged that Hilmar Moore was the agent

of J. M. Moore, Jr., and was on a mission for J. M. Moore, Jr., at the time of the collision.

The defendants filed pleas of privilege to be sued in the county of their residence, which were controverted by the plaintiffs. After hearing evidence, the court overruled the pleas and J. M. Moore, Jr., has prosecuted this appeal.

We presume the evidence was sufficient to show that Hilmar Moore was guilty of a trespass in Bexar County, Texas, and was therefore suable in Bexar County, Texas, under the provisions of section 9, Art. 1995, Vernon's Annotated Texas Statutes.

■ J. M. Moore, Jr., was not in the car at the time of the collision and the evidence was insufficient to show agency. The evidence was sufficient to show that the car was owned by J. M. Moore, Jr.; that he was the father of Hilmar Moore; that Hilmar Moore, accompanied by his mother, had attended a wedding at Robstown, Texas, and after the wedding left Robstown to go to Austin for the purpose of matriculating in the University of Texas. As he passed through Bexar County the collision occurred. His mother was not with him at the time of the collision. The record does not show whether Hilmar Moore was a minor or not, but we must presume he is not a minor, as the suit is brought against him as though he was sui juris. Hilmar was to return the automobile to his father, J. M. Moore, Jr., at some indefinite time in the future.

■ It is contended that inasmuch as the son was entering the University of Texas for intellectual training and betterment, and the father being interested in the education of his son, that the son was thus shown to be the agent of the father when he left Robstown and began his journey to Austin. We overrule this contention. There is no doubt a moral obligation on the part of the parent to furnish his child a college education, if it is within his means, however, there is no legal obligation to do so. There is no business benefit or material advantage derived by the parent in having his child obtain a college degree. It cannot be the law that a child, in going to and returning from college and during all the time he is in college, is the agent of his parents in everything he may do in the furtherance of his edu-

cation. Especially is this true where the child is an adult person. Ener v. Gandy, Tex.Civ.App., 141 S.W.2d 772; Van Blaricom v. Dodgson, 220 N.Y. 111, 115 N.E. 443, L.R.A.1917F, 363; Miller v. Stevens, 63 S.D. 10, 256 N.W. 152; Green v. Smith, 153 Va. 675, 151 S.E. 282; Abell v. Whitehead, 266 Ky. 764, 99 S.W.2d 770.

■ Liability on J. M. Moore, Jr., cannot be predicated upon the so-called "family purpose" doctrine. Trice v. Bridgewater, 125 Tex. 75, 81 S.W.2d 63, 100 A.L.R. 1014.

■ The evidence failing to show that Hilmar Moore, at the time of the collision, was the agent of his father and in the pursuit of his principal's business, there is no showing that J. M. Moore, Jr., committed a trespass in Bexar County, through an agent, and there is no contention that he personally committed such a trespass. Therefore, venue over J. M. Moore, Jr., cannot be had in Bexar County by reason of Subdivision 9, of Article 1995, supra.

■ ■ The only other possible theory upon which venue over J. M. Moore, Jr., can be maintained in Bexar County is that he is a "necessary party" within the meaning of subdivision 29a of Article 1995, supra. J. M. Moore, Jr., was not a necessary party to the suit against his son, Hilmar, as the term "necessary party" is usually understood. In First National Bank in Dallas v. Pierce, 123 Tex. 186, 69 S.W.2d 756, 757, "necessary parties," as used in subdivision 29a, is very properly defined as follows: "It is reasonably clear that the term 'necessary parties' is used in the new exception in the strict sense of the term; that is to say, as embracing 'only those persons without whose presence before the court no adjudication of any of the subject matter involved in the litigation can be had.'" See, also, Commonwealth Bank & Trust Company v. Heid Bros., 122 Tex. 56, 52 S.W.2d 74; White v. White, 105 S.W.2d 779; John F. Camp Drilling Company v. Steele, Tex.Civ.App., 109 S.W.2d 1038; Kellogg Sales Company v. Stange, 149 S.W.2d 623, decided by this Court March 19, 1941.

It is contended that to grant the plea of privilege of J. M. Moore, Jr., will cause a multiplicity of suits. This may be true, but the plaintiffs could have avoided this by filing the suit in the county of the residence of one of the defendants. A mul-

98

tiplicity of suits may be the price which a plaintiff may have to pay for filing his suit in a county where none of the defendants reside.

It is clear to us, the Legislature intended, when it enacted subdivision 4 of Article 1995, supra, that when a suit was filed in a county where one defendant resided. all "proper parties" might be sued in such county, but, on the other hand, when the Legislature enacted subdivision 29a, it intended that when a suit was filed in a county where no defendant resided it could be maintained only against "necessary parties" as distinguished from mere "proper parties."

The order of the trial court will be reversed, insofar as it overrules the plea of privilege of J. M. Moore, Jr., and judgment here rendered that this cause of action, insofar as it affects J. M. Moore, Jr., be transferred to the District Court of Fort Bend County, Texas.

Reversed with instructions.