**TARRANT et al. v. TEXAS CO. et al.**

No. 3944.

Court of Civil Appeals of Texas. Beaumont.

Jan. 28, 1942.

Rehearing Denied Feb. 11, 1942.

---

for damages for personal injuries sustained by Mrs. Gera Tarrant when the car she was driving collided with a truck owned by The Texas Company, and being operated by its employee, the defendant, S. E. Gunter, alleged to have been acting within the scope of his employment with The Texas Company.

The defendants each filed a plea of privilege to be sued in Harris County, Texas. The plaintiffs filed controverting affidavits against said pleas of privilege, alleging that the defendant The Texas Company was a corporation doing business in the State of Texas, and that said company had an agent and representative in said Polk County, Texas, to-wit: S. R. Smith, who as such agent conducted business for said defendant, The Texas Company, in Polk County, and that the cause of action being properly laid in Polk County as to the defendant The Texas Company it was also properly laid in Polk County as to the defendant S. E. Gunter because said Gunter was the agent, servant and employee of the said The Texas Company and was then and there acting within the scope of his employment while operating the said truck, and because the said Gunter being the agent and employee of said The Texas Company when operating the truck at the time the injuries were inflicted, as alleged, was a necessary party defendant to the suit. The affidavits, by reference, included the plaintiffs' petition as showing venue in Polk County.

The court heard evidence on the pleas of privilege, and overruled the plea of privilege asserted by the defendant The Texas Company, but held that the defendant Gunter was not a necessary party to the plaintiffs' suit against the defendant, The Texas Company, within the meaning of subdivision 29a of Article 1995, R.S., Vernon's Ann.Civ.St. art. 1995, subd. 29a, and sustained his plea of privilege to be sued in Harris County, the county of his residence. The plaintiffs excepted to the judgment of the court sustaining the plea of privilege of defendant Gunter and gave notice of appeal to this court from said judgment.

Appellants, after their statement of the nature and results of the suit, make this statement: "This appeal therefore raises the issue as to the correctness of the conclusion of law by the Learned Trial Court to the effect that S. E. Gunter, though jointly and severally liable with The Texas

Campbell & Foreman, of Livingston, and Allen, Helm & Jacobs, of Houston, for appellants.

Sewell, Taylor, Morris & Connally, of Houston, for appellees.

O'QUINN, Justice.

This is an appeal from an order sustaining a plea of privilege.

The plaintiffs, Mrs. Gera Tarrant, joined by her husband, M. I. Tarrant, filed suit in Polk County, Texas, against The Texas Company, a corporation, and S. E. Gunter,

Company, was not a necessary party, within the meaning of subdivision 29a of Art. 1995, to the suit lawfully maintainable by the plaintiffs against The Texas Company in Polk County."

The only assignment of error presented by appellants is that the suit, under the facts, was maintainable in Polk County against the driver of the truck, S. E. Gunter, under subdivision 29a of Article 1995, R.S., and the court erred in sustaining his plea of privilege to be sued in Harris County.

Subdivision 29a of Article 1995 reads: "(Two or more defendants.) Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

The Texas Company is a corporation doing business in Texas, having its domicile in Houston, Harris County, with an agent in Polk County, and so the overruling of its plea of privilege was not error. S. E. Gunter was an employee of The Texas Company, and resided in Harris County where he drove a truck of The Texas Company in the furtherance of its regular business. The collision between the car of plaintiffs and the truck of The Texas Company operated by S. E. Gunter, employee of The Texas Company occurred on one of the public streets in the city of Houston in Harris County. The plaintiffs resided in Houston, Harris County. They filed this suit in Polk County. The trial Judge holding that the employee, S. E. Gunter, was not a necessary party to the suit, sustained his plea of privilege and ordered the suit, as to him, be transferred to the district court of Harris County. This appeal is from that order.

 Who are necessary parties to a suit? Many and varied definitions of the term have been given, but we shall adhere to that of our own state courts. A "necessary party" to a suit, according to the general understanding of that term, "is one who is so vitally interested in the subject-matter of the litigation that a valid decree cannot be rendered without his presence as a party." Judge Critz in Commonwealth Bank & Trust Co. v. Heid Bros., Inc., 122 Tex. 56, 52 S.W.2d 74, 75. "It is reasonably clear that the term 'neces-

sary parties' is used in the new exception [sub. 29a to Article 1995] in the strict sense of the term; that is to say, as embracing 'only those persons without whose presence before the court no adjudication of any of the subject matter involved in the litigation can be had.'" Judge Harvey in First National Bank in Dallas v. Pierce, 123 Tex. 186, 69 S.W.2d 756, 757.

As shown by the above citations from our Supreme Court, for one to be a necessary party defendant to a suit, he must be so vitally interested in the subject matter in suit that no valid judgment could be rendered without his presence as a party. The undisputed facts here deny such a situation relative to the defendant Gunter. He was merely an employee of the defendant The Texas Company whose truck he was operating at the time of the accident. He had no interest in the truck or its operation other than in discharging his duty to his employer. Plaintiffs, the Tarrants, could have sued The Texas Company, either at Houston in Harris County, its domicile, or at Livingston in Polk County, where it had an agent, and if the facts warranted, have obtained a judgment against said defendant, without making its employee, Gunter, who lived in Harris County, a party to the suit. He was not a necessary party to such suit. The judgment should be affirmed, and it is so ordered.

Affirmed.