**UNION BUS LINES et al. v. BYRD et al.**
No. 11353.

Court of Civil Appeals of Texas.
San Antonio.

Sept. 29, 1943.

On Rehearing March 1, 1944.

Johnson & Rogers, of San Antonio, and Sid L. Hardin, of Edinburg, for appellant.

Carter & Stiernberg, of Harlingen, and Eskridge, Groce & Chiles, of San Antonio, for appellees.

NORVELL, Justice.

This is an appeal from an order sustaining appellees' pleas of privilege. A trailer-truck, owned by Kimbriel Produce Company, Inc., and a bus operated by Joe Amberson, doing business as Union Bus Lines, collided on U. S. Highway No. 281, near the town of Three Rivers, Texas. Two of the passengers on the bus, M. S. Byrd and Forrest Dugat, brought separate suits against Amberson (Union Bus Lines) in Cameron County, Texas. Venue of these actions was properly laid in Cameron County under Exception 24 of Article 1995, Vernon's Ann.Civ.Stats.

In both of these suits Amberson filed actions over and against Kimbriel Produce Company, Inc., in accordance with Rule 38, Texas Rules of Civil Procdure, contending that he, Amberson, was entitled to contribution from the Produce Company for such amounts as might be recovered by Byrd and Dugat. Amberson relied upon Article 2212, Vernon's Ann.Civ.St., providing for contribution between tort feasors.

Kimbriel Produce Company, Inc., filed pleas of privilege in reply to Amberson's third party action, asserting its right to be sued in the County of domicile, Bexar County.

For the purpose of the hearing of these pleas of privilege which were controverted by Amberson, the causes were consolidated, and after trial without a jury the court entered an order sustaining the pleas of privilege and ordering the causes of Amberson against the Kimbriel Produce Company, Inc., transferred to one of the District Courts of Bexar County.

Amberson has appealed from this order and asserts that the trial court should have overruled the pleas of privilege by reason of the provisions of Exception 29a of Article 1995, Vernon's Civ.Stats.

If Kimbriel Produce Company, Inc., appellee here, and third party defendant below, be considered as occupying the position of defendant insofar as the plaintiffs below are concerned, we have an attempted application of Exception 29a in connection with Exception 24. However, Kimbriel Produce Company, Inc., the defendant, sought to be held under exception 29a, is not a necessary party to the action against Amberson (the party properly suable in Cameron County under Exception 24). Venue as to Kimbriel Produce Company, Inc., cannot be maintained in Cameron County over the assertion of the Produce Company's privilege to be sued in the county of its domicile. First Nat. Bank in Dallas v. Pierce, 123 Tex. 186, 69 S.W.2d 756; Moore v. Hoover, Tex.Civ.App., 150 S.W.2d 96.

If, on the other hand, we regard the Kimbriel Produce Company, Inc., as occupying the position of defendant and Amberson as occupying the position of plaintiff (as they do in the third-party action), then obviously exception 29a has no application, since there is but one defendant named in Amberson's action.

Appellant's theory necessarily must be that where A sues B (in a county other than B's residence but in a county where suit may be maintained under one of the exceptions to Article 1995) and B in turn sues C as a third party defendant, and the presence of A in the suit as well as C is necessary for a full adjudication, upon a single trial, of B's rights and liabilities growing out of the controversy which gave rise to the actions, then B is entitled to have the entire controversy determined in the county where A has brought the original suit against B.

It is persuasively argued that the theory above outlined should be the law. This argument is based upon considerations that have led to the adoption of rules tending to prevent a multiplicity of suits. Matters of venue are, however, strictly statutory and we can only say that the present statutory enactments do not support and can not be fairly construed as supporting said theory.

The trial court's order sustaining the pleas of privilege is affirmed.

On Motion for Rehearing.

Appellant's motion for rehearing is overruled. See opinion of Supreme Court answering certified questions reported in, Tex.Sup., 177 S.W.2d 774.