### JAQUES POWER SAW CO. et al. v. WOMBLE et al.

No. 2754.

Court of Civil Appeals of Texas. Waco.

Oct. 23, 1947.

Petition for Rehearing Withdrawn
Jan. 8, 1948.

Looney & Clark, of Austin, and Carrington, Gowan, Johnson & Walker, of Dallas, for appellants.

Clark, Craik, Burns & Weddell, of Fort Worth, for appellees.

TIREY, Justice.

This is a plea of privilege case (non-jury). Plaintiffs brought their suit in the district court of McLennan county against Sears, Roebuck and Company, a foreign corporation having a permit to do business in Texas, and Jaques Power Saw Company, a partnership composed of J. C. Jaques, J. E. Jaques and Douglas Jaques, who were engaged in the business of manufacturing and selling power saws, with their principal office and place of business located in Denison, Grayson County, Texas, where the said Jaques resided.

Plaintiffs sought to recover damages for injuries resulting in death to Orbie Womble as his only surviving heirs, and alleged substantially that his death was caused by virtue of the fact that the Saw Company was guilty of negligence in manufacturing a dangerous machine without affixing thereto proper safeguards for those operating the same; that such machine was sold by the Saw Company to the defendant, Sears, Roebuck and Company, for its retail trade, and that such machine was in turn sold by Sears, Roebuck and Company at its retail store in Waco under certain representations and warranties as to its performance that constituted negligence, and that such negligence was a proximate cause of the injuries resulting in death to Orbie Womble, and that Sears, Roebuck and Company and the

Saw Company were joint tort-feasors and jointly liable. Defendant, Sears, Roebuck and Company, appeared and answered plaintiffs' petition. The defendants Jaques, individually and doing business under the firm name of Jaques Power Saw Company, seasonably filed their plea of privilege to be sued in Grayson county, the county of their residence. Plaintiffs seasonably controverted this plea and sought to hold venue in the district court of McLennan county against these defendants (1) under the provisions of Subdivision 4 of Art. 1995, Rev. Civ.Stats. of Texas of 1925; and (2) by virtue of the provisions of Subdivision 29a of said Article [Vernon's Ann.Civ.St. Art. 1995, subd. 29a]. The court overruled the plea of privilege and the defendants Jaques have appealed. At the request of the defendants Jaques, the court filed findings of fact and conclusions of law.

Pertinent to this discussion the court found substantially that the saw was manufactured by the defendants Jaques, and that these defendants resided in Grayson county; that the defendant Sears, Roebuck purchased the saw from said defendants for the purpose of retail sale; that Orbie Womble and his wife, Orlene, purchased the saw from Sears, Roebuck; that in selling the saw to the Wombles, Sears, Roebuck was doing so for its own account and not as an agent or representative of the Saw Company, and that the saw was sold under the Sears, Roebuck trade name of "David Bradley"; that said saw as constructed and placed on the market by its manufacturer and the retail distributor was an inherently dangerous machine and that the manufacturer and retail distributor knew, or in the exercise of ordinary care should have known, that said power saw was inherently a dangerous machine at the time it was made and placed on the market; that no instructions were furnished with said power saw warning prospective purchasers of the dangers incident to the use and operation of the saw; that such failure was negligence and was a proximate cause of the death of Orbie Womble; that the saw was made without any device to prevent the saw from throwing sticks of wood up and back to where the operator stood, that the saw disc revolved in a counter-clockwise

208

manner, causing sticks of wood being sawed and caught on the revolving disc to fly up and back toward the operator instead of down and away from the operator, and that this constituted a failure to exercise ordinary care in the construction of the saw, and that it was negligence on the part of the manufacturer and retail distributor to place the saw on the market and sell the same in such condition, which negligence was a proximate cause of the injuries and death of Orbie Womble; that Sears, Roebuck is a foreign corporation with its home office in Chicago, Illinois, and that the district or zone·office of said defendant is in Dallas, Dallas County, Texas, and has control and directs the management of the various retail stores of Sears, Roebuck, including the one at Waco; that books and records of the Waco store are kept in McLennan county, and that some of the business and reports are made direct from the store to the home office in Chicago, "but that the corporate affairs of Sears, Roebuck and Company for Texas and the adjoining states are conducted from the district or zone office in Dallas, and this is the principal place of business that Sears, Roebuck and Company has in Texas." The court concluded as a matter of law: "(a) That venue of this suit as to defendant Sears, Roebuck and Company is properly laid and said suit as to said defendant is properly maintainable in McLennan County, Texas; (b) that said Sears, Roebuck and Company at the time plaintiffs' cause of action arose, at the time this suit was filed and the service of process on said defendant, and at the time the hearing of said plea of privilege, had and maintained a residence in McLennan County, Texas, and that under and by virtue of Subdivisions 4 and 23 of Art. 1995, Rev. Civil Stats. of 1925, Vernon's Ann.Civ. St. Art. 1995, subds. 4, 23, said suit is properly maintainable in McLennan County, Texas, as to the defendants J. C. Jaques, J. E. Jaques and Douglas Jaques, individually and doing business under the firm name of Jaques Power Saw Company; (c) that said plaintiffs' suit being a joint cause of action against said manufacturer and retail distributor, and plaintiffs being entitled to full and complete relief, which cannot be had without said manufacturer being present and a party to said suit, and

said manufacturer being a proper and necessary party in order for plaintiffs to obtain such full and complete relief, venue as to said manufacturer is properly laid and said suit is maintainable as to all defendants in McLennan County under and by virtue of Subdivision 29a of Art. 1995 of the Rev. Civ.Stats. of Texas, 1925, as amended [Vernon's Ann.Civ.St. Art. 1995, subd. 29a]."

Appellants' first point is: "The court erred in concluding that Sears, Roebuck and Company was a resident of McLennan County, and therefore that venue was maintainable in McLennan County as to Jaques under Subdivision 4 of Article 1995." We sustain this contention.

It is well settled in Texas that a foreign corporation is a resident of that county in Texas where its principal office is maintained. Pittsburg Water Heater Co. v. Sullivan, 115 Tex. 417, 282 S.W. 576. See also: Texas & P. R. Co. v. Edmisson, Tex.Civ.App., 52 S.W. 635; Merchants Fast Motor Lines Inc. v. Levens, Tex.Civ. App., 161 S.W.2d 853. Under the undisputed facts of this case, if Sears, Roebuck was a resident of McLennan county within the meaning of Subdivision 4 of Art. 1995, supra, it would also be a resident of every other county in Texas in which it maintains a store. It is obvious that such was not the intention of the Legislature; otherwise, there would have been no need for the Legislature to have included exception 23 to Art. 1995, supra. Since the trial court found that the corporate affairs of Sears, Roebuck and Company for Texas and the adjoining states are conducted from the district or zone office in Dallas, and that Dallas is the principal place of business that Sears, Roebuck and Company has in Texas, it follows that the residence of Sears, Roebuck and Company in Texas, within the meaning of Subdivision 4 of Art. 1995, supra, is Dallas County, Texas. It follows that the court's conclusion of law to the effect that Sears, Roebuck and Company maintained a residence in McLennan County, Texas, under and by virtue of Subdivisions 4 and 23 of Art. 1995, supra, is an erroneous conclusion.

Appellants' second point is: "The court erred in finding and concluding that Jaques is a necessary party to this action

and thus can be sued in McLennan county pursuant to Subdivision 29a of Article 1995." We agree with this contention. It is true that appellees brought their suit against both Sears, Roebuck and Company and Jaques Power Saw Company, and the court found that the power saw was an inherently dangerous instrumentality and that it was manufactured by Jaques, and the court made a further finding to the effect that the plaintiffs' suit is a joint cause of action against the manufacturer and the retail distributor and that the manufacturer is a proper and necessary party to the suit and that the plaintiffs cannot have full, complete and adequate relief without the manufacturer being present and a party to the suit. The finding of the court to the effect that Jaques is a necessary party to this suit and that plaintiffs cannot have full, complete and adequate relief without the manufacturer being present and a party to the suit has no support in the evidence, and the court's conclusion of law to the same effect is erroneous. First of all, the plaintiffs have alleged a joint cause of action against two joint tort feasors. It is elementary that the plaintiffs can have but one recovery and it is not shown by any evidence that plaintiffs cannot have full relief against either party defendant in this cause. That is to say, as far as this record goes, the plaintiffs could have elected to sue only Sears, Roebuck and Company or only Jaques Saw Company, and there is no evidence that they cannot obtain the full measure of their damages against either for the tort committed. Our Supreme Court, in Tarrant v. Walker, 140 Tex. 249, 166 S.W. 2d 900, 901, in discussing what was meant by "necessary party" within the meaning of Subdivision 29a, said: "Every party whose joinder in the suit is necessary to the securing of full relief in 'such suit' is a necessary party in the sense that term was used in subdivision 29a." It is apparent that if plaintiffs can sustain their alleged cause of action, Sears, Roebuck and Company would be liable for such damages and plaintiffs could have full satisfaction by judgment and execution against said defendant. All the relief to which plaintiffs are entitled as against Sears, Roebuck and Company can be enforced in the district court of McLennan county under Subdivision 23 of Art.

1995 without the Jaques Power Saw Company being a party thereto. Our view is that under the rule announced by our Supreme Court in Tarrant v. Walker, supra, the Jaques Power Saw Company is not a necessary party to this suit within the meaning of Subdivision 29a of Art. 1995, supra. See also Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W.2d 774; Roberson v. Hunt, Tex.Civ.App., 179 S.W.2d 315; Rogers v. Fort Worth Poultry & Egg Co., Tex.Civ.App., 185 S.W.2d 165. The applicable law to the factual situation here presented is so clearly set forth in the cases herein cited that further comment thereon would be of no avail. Our view is that the court erred in finding and concluding that Jaques is a necessary party to this suit, and by reason thereof can be sued in McLennan County pursuant to Subdivision 29a of Art. 1995, supra. It follows that the plea of privilege filed by these defendants must be sustained.

Appellees in their brief have asked that appellants' brief be stricken and the cause dismissed because appellants did not file their brief in the time provided for in Rule 414, Texas Rules of Civil Procedure. In view of the statements contained in appellants' reply, we think that it shows good cause and this court, in the exercise of the discretion granted it in Rule 415, Texas Rules of Civil Procedure, overrules this contention.

Since plaintiffs' alleged cause of action is one of joint and severable liability against all defendants, the cause of action asserted by plaintiffs, insofar as the same relates to the Jaques and the Saw Company alone, must be transferred to the District Court of Grayson County, as provided by Rule 89, Texas Rules of Civil Procedure. This is the rule as announced by the Supreme Court in Tarrant v. Walker, 140 Tex. 249, 166 S.W.2d 900. See also opinion by Court of Civil Appeals, Tarrant v. Texas Co., 166 S.W.2d 772. See also Ligon v. Hommel, Tex.Civ.App., 189 S.W.2d 23, point page 25.

The judgment of the trial court overruling the plea of privilege of the Jaques and the Saw Company is reversed and judgment is here rendered that this cause insofar as it relates to the Jaques and the Saw Com-

pany be transferred to the district court of Grayson County, as provided by Rule 89, Vernon's Texas Rules of Civil Procedure.