C. H. BREAZEALE, Appellant,

v.

Leo WYRES, Appellee.

No. 10387.

Court of Civil Appeals of Texas. Austin.

April 25, 1956.

Runge, Hardeman, Smith & Foy, San Angelo, for appellant.

Senterfitt, Crump & Jameson, San Saba, Newman & McCollum, Brady, for appellee.

ARCHER, Chief Justice.

This suit grows out of damages to sheep belonging to appellee occasioned by the alleged use of Niagara B. H. C. dip in a water solution in which the sheep were dipped, and large number died from the effect of such solution.

This appeal is taken from an order overruling appellant's plea of privilege and is based on two points, towit:

"The Trial Court erred in holding that Appellant is a necessary party to Appellee's cause of action against Niagara Chemical Division under Subdivision 29a, Article 1995, V.A.C.S.

"The Trial Court erred in holding if it did, that Appellant, or his agent, servant or employee, committed an act of negligence in McCulloch County, Texas, which was the proximate cause of damages to Appellee, under Subdivision 9a, Article 1995, V.A.C.S."

The suit was filed by appellee against the State, the Livestock Sanitary Commission, Cal Ory, individually and as agent for the Commission, Pierce A. Hoggett, individually and as agent for the Commission, C. H. Breazeale d/b/a Anchor Serum Company, and Niagara Chemical Division, a corporation. Breazeale alone has appealed.

Appellant was engaged in selling livestock medicine and veterinary supplies in San Angelo, Texas. J. L. Dunlap et al. purchased sheep dip from appellant known as Niagara BHC compound for use in, and appellant knew it, operating a sheep dipping vat for the public.

It appears that prior to the instant occasion, Dunlap et al. had used the BHC compound purchased from appellant in dipping sheep for another person not a party to this controversy and a number of sheep were killed. Appellant investigated the incident and sold an additional amount of the compound which was used in the dipping of the sheep involved in this suit. The BHC dip was used in and the sheep dipped in McCulloch County, Texas.

Appellant takes the position that he is not a necessary party to the suit and that appellant occupied the position of a wholesaler in the case, and as a matter of law no cause of action is shown against him by the pleadings and cites Jaques Power Saw Company v. Womble, Tex.Civ.App., 207 S.W.2d 206, no writ history, and Bowman Biscuit Company v. Hines, 151 Tex. 370, 251 S.W.2d 153.

■ No findings of fact were requested or made by the trial court and we presume that all facts were found to be in support of the judgment overruling the plea of privilege.

Appellee makes a counterpoint that the court having found that Cal Ory, one of the defendants, resided in McCulloch County that the suit may be maintained in such county.

Defendants Ory and Hoggett were present at and supervised the charging of the vat and plaintiff alleged that the death of the sheep was caused by an improper use of the BHC compound by Ory and the other defendants.

Appellant raised the issue as to whether or not the vat contained 1,000 gallons of water, and that an excessive amount of the compound was placed in the solution and if such should be determined to be true then Ory would be liable.

■ We do not believe that plaintiff showed by proof that appellant Breazeale committed an act of negligence in McCulloch County, Texas, which was the proximate cause of the damages alleged. Dallas County Flood Control District v. Fowler, Tex.Civ.App., 280 S.W.2d 336, er. ref., n. r. e.

Breazeale was engaged in selling a compound required by the State of Texas for use in dipping livestock and if any such

compound sold by Breazeale, manufactured by Niagara, was defective. it is not shown that Breazeale knew it.

It is true that at a prior date the compound was used in dipping sheep and injury caused and that Breazeale investigated the incident.

The instant sale was made in response to a telephone order and was shipped from San Angelo, Texas, to McCulloch County, Texas and neither Breazeale nor any of his employees were in McCulloch County in connection with the sale.

Cal Ory was a resident of McCulloch County at the time the Wyres sheep were dipped and the dipping was done by Ory and Hoggett, both employees of the Livestock Sanitary Commission, and Ory was sued as such agent or employee and as an individual.

The evidence is that the sheep died soon after dipping and appeared to witness Jones to have been caused by poisoning,— insecticide poisoning.

■ We do not believe that Ory could have been held liable as an individual in face of the record, and certainly not as a State employee or agent unless he acted maliciously. He was acting under the orders of the Commission and pursuant to Article 1525a, Vernon's Ann.P.C.; Campbell v. Jones, 153 Tex. 101, 264 S.W.2d 425; 34 Tex.Jur., Public Officers, Sec. 84, p. 466.

■ Breazeale was not a necessary party to the suit since the suit could have been maintained against the other parties and whose liability, if any, could have been determined, and complete relief could have been obtained. Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W.2d 774; Jaques Power Saw Company v. Womble, supra; York Supply Company v. Dunigan Tool and Supply Company, Tex.Civ.App., 276 S.W.2d 317.

See Brown v. Howard, Tex.Civ.App., 285 S.W.2d 752, er. ref., n. r. e., as to lia-

bility of non-negligent manufacturer of insecticide.

The judgment of the trial court is reversed and the cause as to Breazeale ordered transferred to one of the District Courts in Tom Green County, Texas.

Reversed and rendered.

GRAY, Justice (concurring).

I agree with the conclusion reached by the majority but I do not agree with the reasoning of the opinion.

Under the evidence before us the sale of the B. H. C. dip was completed and the title thereto passed in Tom Green County. Then if appellant was guilty of any act of negligence such negligence occurred in Tom Green County and appellee's cause of action against appellant for such negligence arose there. Linde Air Products Co. v. Page, Tex.Civ.App., 131 S.W.2d 1057; Hendrix v. Everett, Tex.Civ.App., 214 S.W.2d 667.

Appellant was not a necessary party under Exception 29a. See Tarrant v. Walker, 140 Tex. 249, 166 S.W.2d 900, defining necessary party under that section.

The evidence shows that the defendant Cal Ory measured the dipping vat or that he indicated a point to where the water would come if 1000 gallons of water was put in the vat and that this statement was proved to be true by a check made the following day. There is no proof of a cause of action against Cal Ory individually. For this reason venue against appellant cannot be sustained in McCulloch County under Exception 4. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300.

I do not think Brown v. Howard, Tex. Civ.App., 285 S.W.2d 752, 753, supports our conclusion for the reason that there the liability of "the manufacturer or formulator of the Green Light concentrate" was in issue. The liability for negligence of the jobber or retailer was not involved.

For the reasons above stated I concur in the conclusion reached by the majority.