**Louis H. KLAYMAN, d/b/a Farmers' Best Foods Company, Appellant,**

v.

**F. C. FISHER, Appellee.**

**No. 169.**

Court of Civil Appeals of Texas.

Tyler.

Oct. 28, 1965.

Gordon Macdowell, Strasburger, Price, Kelton, Miller & Martin, Dallas, for appellant.

Welby Parish, Lowell C. Holt, Gilmer, for appellee.

SELLERS, Justice.

This is an appeal from a judgment of the 115th District Court of Upshur County overruling the appellant, Louis H. Klayman's Plea of Privilege to be sued in the county of his residence.

F. C. Fisher filed this suit in Upshur County to recover for personal injuries received by him in a collision between his car and that of Robert Abram Klayman at an intersection of two highways in Upshur County. This suit was brought against Robert Abram Klayman and Louis H. Klayman, doing business as Farmers' Best Foods Company. The residence of both defendants is alleged to be in Smith County, Texas.

It was alleged that Robert Abram Klayman was driving the vehicle at the time of the collision and that the vehicle was owned by Louis H. Klayman, doing business

as Farmers' Best Foods Company. Both defendants filed their pleas of privilege to be sued in Smith County, Texas. These pleas were controverted by the appellee, contending that venue was in Upshur County where the negligent acts were committed.

Upon a hearing before the Court without a jury, the Court, after hearing the evidence, overruled both pleas of privilege, from which the defendant, Louis H. Klayman, has duly prosecuted this appeal.

The defendants are father and son. It was the son who was driving the car in Upshur County when the accident occurred. The father, the appellant, was not in Upshur County; the son was alone in the car at the time. Only two witnesses testified on the hearing of pleas of privilege: Appellee F. C. Fisher, and the sheriff of Upshur County. Neither of these witnesses gave any evidence to the effect that Robert Abram Klayman was the agent of his father, doing business as Farmers' Best Foods Company at the time of the accident, nor that Robert Abram Klayman, when the collision occurred, was acting within the course of his employment as such agent.

The father not being present when the accident occurred, and no proof to the effect that his son was his agent at the time, it is our opinion that the trial court erred in overruling the plea of Louis H. Klayman, the appellant.

The facts of this case are in all material respects the same as that of Moore v. Hoover, Tex.Civ.App., 150 S.W.2d 96, where the court held:

"Where evidence failed to show that son was the agent of his father and in the pursuit of father's business at time of collision between automobile owned by father and driven by son and another motor vehicle in Bexar county and father lived in another county and there was no contention that he personally had committed any wrong in Bexar county, venue of action against father for son's negligence could not be had in Bexar county on ground of wrong committed by father's 'agent'. Vernon's Ann.Civ.St. art. 1995, subd. 9."

We cannot agree with appellee that the record shows that the facts were not fully developed on the hearing, and that this case should be reversed and remanded for further proceedings.

We therefore reverse the judgment of the trial court, and direct that the suit be transferred to Smith County District Court insofar as it is against the appellant, Louis H. Klayman.